RICHARD WALKER v. THE STATE.

No. 3316.    Decided June 20, 1906.

**Robbery—Insufficiency of the Evidence—Identification.**

Upon a trial for robbery, where the evidence showed that the defendant and prosecutor were strangers, having had only a slight acquaintance before the occurrence of the offense, and that he identified the defendant in the dark by his size and voice, and that there was nothing unusual about either, the evidence of identification was not sufficient to sustain a conviction.

Appeal from the District Court of Grayson. Tried below before the Hon. B. L. Jones.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis.* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery, the punishment being fixed at five years in the penitentiary. It is perhaps unnecessary to notice any other question suggested, except the sufficiency of the evidence. The alleged injured party, Pratt, testified that he, in company with the defendant and others, drank and gambled until 7 or 8 o'clock in the evening; when he and defendant went to a house in Denison, where there were two women. That appellant and one of the women left the house, and witness stayed at the house with the other woman. About five minutes after defendant left, the woman remaining with witness put out the light, and they began undressing for the purpose of going to bed. About that time some one came in the house and demanded of witness his money, threatening him with death if he refused. Witness says that he was greatly frightened, and gave the party $3.50. It was at night and dark. The identity of the assaulting party is the main question. In regard to this matter, witness testified: judging from the man's size and voice it was the opinion of witness defendant took the money. They were strangers up to a few hours before this transaction occurred. He says, it was so dark in the room during the time the assaulting party was in there that he (witness) was unable to distinguish further than that he was the man judging from his size and voice; it was his opinion that defendant was the man who got his money. He said there was nothing unusual as to defendant's size or shape, about as any other man, and nothing peculiar about his voice by which he could distinguish it from the voice of any one else. He says it was just an ordinary voice, and that he was swearing to this on suspicion. And the reason he assigns for this suspicion is that if there had been any danger defendant would have told him (witness) of that danger. This is the substance of the testimony. We do not believe that the identification under the testimony here is sufficiently made out to authorize a conviction, 6 Ency. Evid., p. 924, and authorities collated in notes. It does not exclude with that certainty required by law every reasonable hypothesis except the guilt of the accused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.