### Gregorio Garcia v. The State.

No. 8532. Delivered December 10, 1924.

No motion for rehearing filed.

**1.—Attempt to Pass Forged Instrument—Evidence—Innuendo Averments.**

The *innuendo* averments make clear the meaning of the instrument that appellant, according to the evidence, attempted to pass, and there was no variance. The *innuendo* averments are sustained by the evidence.

**2.—Same—Indictment—Several Counts.**

There were several counts in the indictment. The conviction is upon the second count charging an attempt to pass a forged instrument. The evidence upon this count was not circumstantial, and the court properly refused to submit the law on circumstantial evidence in his charge.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham.

Appeal from a conviction of an attempt to pass a forged instrument, penalty two years in penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, JUDGE.—Forgery is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

From the indictment we copy the following:

" * * * which said false instrument in writing so made was then and there of the tenor following:

'Robstown, Texas, So 28 1923 No_____

The Guaranty State Bank of Robstown, Texas, 88-1590 Pay to Rafael Benabides or Bearer $18/100 Eightn & 14/100 Dollars.

C. E. lchwarz'

J or P

('The word 'Eightn' as used in said forged instrument being intended for 'Eighteen'; the signature 'C. E. lchwarz' to said forged instrument being intended for the signature 'C. E. Schwarz').

The check introduced in evidence corresponds in all particulars with the above except that it was payable to Juan Benabides and contained in the left-hand corner the letters "F or P" instead of the letters "J or P." These letters appear from the evidence to have been a memorandum and not part of the check, and the innuendo averments are sustained by the evidence. Appellant presented the check at a store to be used in payment of some purchases. It was taken by the clerk to the bank upon which it was drawn and payment was refused upon the ground that the signature was not that of C. E. Schwarz. Schwarz had previously given a check to the appellant which was identical with the one in question save that Gregorio Garcia was named as the payee. From the appellant's testimony and that of his witnesses, the theory was developed that he had found the check and had presented it to ascertain whether it was good; that he could not have committed the forgery for the reason that he could neither read nor write either Spanish or English.

There are several counts in the indictment, one of them charging forgery. The conviction is upon the second count charging an attempt to pass a forged instrument, knowing it to be forged. The evidence upon this count was not circumstantial, nor is it so contended. The verdict not being upon the count charging forgery, there was no harmful error in failing to charge on the law of circumstantial evidence with reference to that count. Appellant's testimony that he had found the check and had no guilty knowledge of its forgery raised an issue of fact but cannot be regarded as conclusive against the State. His interest in the transaction was such as rendered the credibility of his statement a matter for solution by the jury. See Ruling Case Law, Vol. 28, p. 660, sec. 245; also p. 615, sec. 204. See also

Art. 786, C. C. P.; Vernon's Texas. Crim. Stat., Vol. 2, pages 687 and 688; Costillo v. State, No. 8448, not yet reported.

We feel unwarranted in concluding that the verdict of the jury is not supported by the evidence. The judgment is affirmed.

*Affirmed.*