HORACE LOWE v. THE STATE.

No. 8563. Delivered December 17, 1924.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquors—Charge of Court—Accomplice Testimony.**

In this case Jim Cannedy was the principal witness for the State. His testimony was uncorroborated. He was in law an accomplice, being under an indictment for the same offense at the time of the trial. The court submitted to the jury the issue as to whether or not he was an accomplice. He should have instructed the jury that as a matter of law Cannedy was an accomplice, and his testimony being uncorroborated, the jury should have been further instructed to acquit the defendant.

Appeal from the District Court of Hansford County. Tried below before the Hon. W. R. Ewing.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with the punishment assessed at two years' confinement in the penitentiary.

The whiskey was manufactured on what is called the "Hanson" place, situated some mile and a half from the house of appellant. Indictments charging the manufacture of liquor at said place were returned against appellant, one Jim Cannedy and also against Dick Cannedy. Jim Cannedy had also been indicted for the sale of liquor to appellant, and a trial therefor at a former term of court resulted in a hung jury. Jim Cannedy was the principal witness for the state in the present prosecution. The court instructed the jury that if they should find Jim Cannedy to be an accomplice appellant could not be convicted unless the accomplice's evidence was corroborated as required by law. The court seems to have realized that the purported corroborating evidence was not sufficient, however, for we find a charge instructing the jury that if they found Jim Cannedy was an accomplice witness they should acquit appellant. Under the charge of the court as we understand it the only way the jury could have reached a verdict of guilty was to have found that Jim Cannedy was not an accomplice. Notwithstanding the testimony of Cannedy was to the effect that he had no connection with the manufacture of whiskey on the Hanson place, although admitting his presence on repeated occasions when he claims

appellant and Dick Cannedy were engaged in manufacture, we are inclined to the opinion from a careful examination of all the evidence in the record that a finding of the jury that Jim Cannedy was not an accomplice witness as a matter of fact was against the great weight of the testimony. However, we find it unnecessary to dispose of the question upon that ground. It occurs to us that Jim Cannedy was an accomplice as a matter of law. While not indicted jointly with appellant and Dick Cannedy for the manufacture of whiskey, it is clear from the record that the state had indicted him separately for the same offense and that the indictment was pending against him at the time of this trial. This indictment rendered him unavailable to appellant as a witness had the latter sought to use him. (Art. 791, C. C. P.) When called by the state to testify against his co-defendant with the indictment still pending charging him with the same offense the state must assume to discharge the burden of corroborating him for by its act of indicting him as a principal he became an accomplice witness as a matter of law. We think it unnecessary to review the authorities, but only refer to some of them. Barrara v. State, 42 Texas 260; Saye v. State, 50 Tex. Cr. R. 569; 99 S. W. 551; Oats v. State, 48 Tex. Cr. R., 131; —— S. W. ——; Chastain v. State, 97 Tex. Cr. R. 182, — S. W. —; Jones v. State, 85 Tex. Cr. R., 538, 214 S. W. 322; Crissmann v. State, 93 Tex. Cr. R. 15, 245 S. W. 438.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*