## J. C. WILKIRSON V. THE STATE.

No. 10376.   Delivered June 1, 1927.

**1.—Accomplice to Burglary—Charge of Court—Held Correct.**

Where appellant was on trial for being an accomplice in the burglary of a bank with other named parties, and the court charged the jury to find him guilty if they believed beyond a reasonable doubt that he agreed with all, *or either* of said named parties to aid in committing said offense; said charge was correct.   Proof of his agreement with *all,* or *either* of the parties would be sufficient.   See Woodworth v. State and other cases cited.

**2.—Same—Charge of Court—On Weight of Evidence.**

Where the court charged the jury that if the defendant had a knowledge of the purpose for which the tanks and goggles and other instruments were to be used and having such knowledge he furnished aid of any kind, etc., to convict, this charge is clearly on the weight of the evidence.

**3.—Same—Continued.**

The charge of the court should be so framed as not to give undue prominence to any fact, theory, or proposition of law.   It is not proper for the court to single out particular facts, or specify parts of the testimony, and charge thereon.   To do so would be instructing on the weight of the evidence.   See Moore v. State, 59 Tex. Crim. Rep. 364, and cases there cited. Also see Note 127 under Art. 658 Vernon's C. C. P. of 1925.

**4.—Same—Search and Seizure—When Available.**

Appellant's complaint as to what was found as the result of the execution of a search warrant would avail him nothing, the premises searched not belonging to nor being in his control and management.   See Craft v. State, No. 9858, not yet published and Dozier v. State, 289 S. W. 45.

Appeal from the District Court of Denton County.   Tried below before the Hon. W. S. Moore, Judge.

Appeal from a conviction of accomplice to burglary, penalty five years in the penitentiary.

The opinion states the case.

*Robert N. Hopkins,* and *A. L. Curtis,* for appellant.   On charge on weight of evidence, appellant cites: Moore v. State, 128 S. W. 1115; Brown v. State, 124 S. W. 101.

*Elbert Hooper,* County Attorney of Denton County, *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction of accomplice to burglary, punishment, five years in the penitentiary.

Appellant was charged with complicity in the burglary of a bank, is being alleged that other armed parties burglarized said bank and that appellant, while not present at the time and place

of the burglary, had theretofore agreed with said parties to furnish arms and aid them in the commission of said offense. In his charge the learned trial judge told the jury that appellant would be guilty if they believed beyond a reasonable doubt that he agreed with all of said named parties or either of them to aid in committing said offense. Exception was reserved to that part of the charge wherein the court authorized the jury to find appellant guilty if he had agreed with *either of said parties,* it being insisted that the allegation in the indictment of an agreement with all, would not be supported by proof of an agreement with one or any number less than all of those parties alleged to be the burglars. We do not think the allegation that an agreement was entered into with all the alleged principals, imposed upon the State the burden of proving that such agreement was in fact made with all, nor that all participated in the burglary. We are not of opinion that the allegation referred to became descriptive of the offense of such character as to necessitate its proof. The case of Woodworth v. State, 20 Tex. Crim. App. 375, seems to hold to the contrary, and in line with that case are Looney v. People, 81 Ill. 370; Olson v. U. S., 133 Fed. 849; Hardy v. U. S., 256 Fed. 284; Brown v. U. S., 257 Fed. 378. It follows that in our opinion there was no error in the charge of the court, in the matter under discussion.

The court further charged the jury that if they found that said named parties committed the burglary alleged, appellant not being present, and that prior thereto appellant furnished arms or aid to said parties, etc., to commit such burglary, "or if you find and believe from the evidence, beyond a reasonable doubt, that the defendant J. C. Wilkirson had a knowledge of the purpose for which the tanks and goggles and torch and other instruments were to be used, and that in having such knowledge, if any, the said J. C. Wilkirson voluntarily and knowingly and wilfully, unlawfully and fraudulently prepared or furnished aid of any kind, as charged in the indictment, for the purpose of assisting in the commission of said offense of burglary at said bank, and you further find and believe that said J. C. Wilkirson was not personally present when said offense was committed, if any was committed, you will find the defendant guilty." This part of the charge was excepted to as being on the weight of the testimony and as singling out the articles named and the fact of mere knowledge on the part of appellant, and causing the jury to attach undue importance to same. We must bear in mind that this case was dependent on circumstantial evidence and that the jury were so told in the charge. The law is too well settled to need elaboration at our hands, that the practice of

enumerating particular articles or issuable facts is upon the weight of the evidence. In Moore v. State, 59 Tex. Crim. Rep. 364, it is said:

"The charge of the court should be so framed as not to give undue prominence to any fact, theory or proposition of law. It may be stated, we think, as a sound proposition, that where the evidence is only circumstantial, that the court will be trenching upon a charge on the weight of evidence by singling out the circumstances and charging the jury affirmatively with regard to them. Under such circumstances the State's theory can only be deduced from other facts and circumstances in evidence, and the court should avoid singling out and charging the jury with reference to them. Dobbs v. State, 51 Tex. Crim. Rep. 113; 100 S. W. 946; Parnell v. State, 51 Tex. Crim. Rep. 620, 103 S. W. 907; Hazlett v. State, 96 S. W. 36; Carroll v. State, 50 Tex. Crim. Rep. 485, 98 S. W. 859; Fuller v. State, 50 Tex. Crim. Rep. 14, 95 S. W. 541; Walters v. State, 37 Tex. Crim. Rep. 388; Milrainey v. State, 33 Tex. Crim. Rep. 577."

In note 127, under Art. 658, Vernon's 1925 Revision of the Annotated Code of Criminal Procedure, numerous authorities are cited as supporting the proposition stated as follows: "It is not proper for the court to single out particular facts or specify parts of the testimony, and charge thereon. To do so would be instructing on the weight of the evidence." It might well be doubted if the aid to the alleged burglars could consist at all "In having such knowledge." Appellant having excepted to the charge in this particular, and no change appearing, and the matter being material to the rights of appellant, we must regard it as reversible error.

Appellant's complaints of the reception of testimony as to what was found as the result of the execution of the search warrant, would avail him nothing, it appearing that the premises searched did not belong to appellant, nor were they under his care, control and management. Craft v. State, No. 9858, opinion not yet published; Dozier v. State, 289 S. W. 45.

In view of the reversal of this case and of another trial, attention is called to the fact that in the charge the court erroneously makes some specified action of the jury dependent upon their belief that there was "an understanding" between appellant and the other parties named in the indictment. The expression "understanding" is hardly within the comprehension of the statute under accomplices.

For the error mentioned the judgment will be reversed and the cause remanded.　　　　　　　　　　　*Reversed and remanded.*