W. H. Durham v. The State.

No. 11540. Delivered May 30, 1928.

*Kirby, King & Overshiner* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for a period of three years.

In substance, the evidence is like that given upon the former trial, a synopsis of which is contained in the report of the opinion of this court in 290 S. W. 1092. An officer observed whiskey in an automobile, a part of which was on the seat and part of which was between the seat. The appellant was in the act of stepping into the car. Replying to an inquiry by the officer, the appellant stated that he resided in Stonewall County; that he was trading in Hamlin because things were cheaper. The officer said: "It looks like you have got a good supply in the car now." The appellant caught him by the sleeve and said: "Step over here; I want to talk to you." The officer then arrested him and found a number of jars of whiskey in the car:

The state introduced the witness Chester Smith, who related that he and the appellant had brought from Aspermont to Hamlin seventeen quarts of whiskey; that they had agreed to sell the whiskey and divide the profits; that none had been sold. Smith testified that he was under indictment for the same offense as that of the appellant,

the indictment growing out of the same transaction as that upon which the prosecution against the appellant was based.

Exception was reversed to the charge of the court because of the failure to apply the law of accomplice testimony to the witness Smith. A special charge presenting that issue was presented and refused. In the opinion on the former appeal, Smith was declared to be an accomplice. The reason for not charging that Smith was an accomplice is not stated by the learned trial judge. Under Art. 670, P. C., 1925, the fact that one is a co-transporter does not render him an accomplice witness. The state, by indicting Smith, made him an accomplice witness. In Art. 82, P. C., 1925, it is said in substance that when co-principals are indicted for the same offense, either in the same or separate indictments, they cannot be introduced as witnesses for one another, and in Art. 711, C. C. P., 1925, it is declared that persons charged as principals, whether in the same or different indictments, cannot be introduced as witnesses for one another. The uniform interpretation of these two statutes has been to permit the state to use a co-indictee for the same offense but to deprive the accused of that privilege and to declare that when such co-indictee is called upon by the state as a witness, he is, by virtue of the indictment against him, characterized as an accomplice witness. On the subject, in Lowe's case, 98 Tex. Crim. Rep. 502, it was said:

"When called by the state to testify against his co-defendant with the indictment still pending charging him with the same offense, the state must assume to discharge the burden of corroborating him for by its act of indicting him as a principal he became an accomplice witness as a matter of law. We think it unnecessary to review the authorities, but only refer to some of them. Barrara v. State, 42 Texas, 260; Saye v. State, 50 Tex. Crim. Rep. 569, 99 S. W. 551; Oats v. State, 48 Tex. Crim. Rep. 131; Chastain v. State, 97 Tex. Crim. Rep. 182; Jones v. State, 85 Tex. Crim. Rep. 538, 214 S. W. 322; Grissman v. State, 93 Tex. Crim. Rep. 15, 245 S. W. 438."

In the present instance, the state had the privilege, under Art. 577, C. C. P., 1925, of dismissing the indictment against Smith and thereby relieving him of the odium attached to an accomplice witness. However, it elected to retain the indictment and make Smith a state's witness, giving him immunity from prosecution. The state having elected to pursue that course, the law demanded that, at the request of the appellant, the court instruct the jury that Smith was an accomplice witness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*