## OFILIO HERRERA v. THE STATE.

No. 12735.   Delivered March 26, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 211.

The opinion states the case.

*C. J. Matthews* of San Antonio, for appellant.

*Carl Runge* of Mason, *F. H. Hammond,* District Attorney, of Burnet, *Critz & Woodward* of Coleman and *A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

It being reported to the sheriff of Mason county that two Mexicans in a car on the Brady highway were supposed to have found and picked up a bag belonging to Mr. Smith, said officer followed the car occupied by appellant and one Chavez through the town of Mason and to a point some three quarters of a mile north, at which point the sheriff stopped said car,—informed its occupants of the reported loss of the bag, and the supposition that they might have it, and requested permission to search the car which, according to the testimony on this trial, was granted him.   When the officer opened the back of the car he discovered it to contain a large quantity of whisky, and notified the occupants that he would have to take them back to Mason.   He got in the car with them, evidently for the purpose of accompanying them back to said town.   After going a short distance the car was turned up a side road, and at a point not far distant from said highway the sheriff was shot and killed.   Both

appellant and Chavez were indicted for the murder. Upon this trial Chavez was used as a witness for the State.

In his charge to the jury the court submitted to them the issue as to whether Chavez was an accomplice, and gave instructions governing the jury in determining such issue. To this charge appellant excepted on the ground that Chavez was an accomplice as a matter of law, and insisted that the court so tell the jury in the charge. We think the exception well taken, and that the learned trial judge fell into error in not instructing the jury as a matter of law that Chavez was an accomplice. Authorities seem numerous. Among recent cases will be found those of Lowe v. State, 98 Texas Crim. Rep. 501, and Newton v. State, 94 Texas Crim. Rep. 291, in each of which other authorities are cited.

Attention is also called to the fact that the indictment in this case omits the allegation that the killing was upon malice aforethought. Under recent decisions of the court where the State desires to ask for a penalty greater than five years, it is necessary that the indictment contain such allegation.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing urging that our holding that Chavez was an accomplice witness be reconsidered. In Lowe v. State, 98 Tex. Cr. R. 501, 267 S. W. 270 and Newton v. State, 94 Tex. Cr. R. 288, 250 S. W. 1036, cited in our original opinion many authorities from our own court are referred to sustaining our present holding. The reasons therefor will appear in Grissman v. State, 93 Tex. Cr. R. 15, 245 S. W. 438; Herring v. State, 42 S. W. 301; Oats v. State, 48 Tex. Cr. R. 131, in all of which cases the same contention was made as is here urged, namely; that notwithstanding the witness had been indicted for the same offense as the accused, the evidence either showed that the witness was not an accomplice, or raised an issue of fact upon that question, and, therefore, that the indictment against him did not make him an accomplice as a matter of law. We see no reason for changing what has long been the recognized rule in this state; especially is this true in view of the statute which absolutely disqualifies as a witness for the accused one who is indicted for the same offense. (Art. 711, C. C. P.) The state may at its pleasure use such a witness against accused, but if the state elects not to do

so, the accused may not use him, but must resort to a severance unless the prosecution against the witness be dismissed by the state; in which latter event the fact of the former indictment together with the evidence in the case might make it an issue of fact whether the witness was an accomplice, but as long as the state holds against the witness an indictment for the same offense with which accused is charged, the witness, under our decisions, remains an accomplice as a matter of law.

The motion for rehearing is overruled.

*Overruled.*