W. M. OTTO v. THE STATE.

No. 13909. Delivered February 25, 1931.

258

The opinion states the case.

*Art Schlofman,* of Dalhart, and *R. H. Neville, of Amarillo,* for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, the punishment being one year in the penitentiary.

Appellant drove his automobile into Eads' Garage in Dalhart about ten or twelve o'clock at night in order to get a light so he could see to do some work on his car. With appellant at the time were O. L. Green, Green's wife and some children. While they were in the garage one of the men gave Eads a drink of whisky out of a jar. Eads was under the impression it was appellant who gave him the drink. Eads was a deputy sheriff. He started to jail with the parties in the car. On the way a sack was thrown or kicked out of the car. It was found to contain a half-gallon jar of whisky and also a broken half-gallon jar. When they got to the jail Green got out of the car. While Eads was trying to get the jailer up to open the jail door appellant drove off with Green's wife and the children. Later he and Mrs. Green were also taken into custody. All three of them were indicted for transporting intoxicating liquor. Both Green and his wife were used as witnesses by the State. At the trial it was appellant's claim that he did not throw or kick the whisky out of the car, did not put it in there, and had no knowledge that it was there. On the other hand, it was claimed by the Greens that they did not throw or kick it out, had not put it in the car, and denied that they had any knowledge it was there.

At appellant's request the court gave a special charge instructing the jury that if appellant did not know of the presence of the whisky in the car he should be acquitted, although he may have been driving the car and in control of it. Bills of exception numbers one and two complain of the refusal of two other special charges upon the same subject. The court committed no error in refusing them, as appellant's rights were fully protected by the special charge given.

Bill of exception No. 3 in part reflects that appellant offered to prove that Green had the reputation of handling intoxicating liquor in the community where he resided, and also had the reputation of being a bootlegger. No effort was made to show by this witness that Green's general

reputation for truth and veracity was bad. His veracity could not be attacked by proving his reputation in the particulars inquired about. Hays v. State, 90 Texas Crim. Rep., 355, 34 S. W., 898; Walker v. State, 105 Texas Crim. Rep., 141, 287 S. W., 497.

Bill of exception No. 3 also recites that appellant offered to prove by the witness Cannon that during the time officers were searching for appellant that Green's house was searched and that the officers found over the floor of his house intoxicating liquor, where containers had been broken. If this was a provable fact under the circumstances of the present case, it had already gone into the record from the State's own witness. No issue was made as to the truth of such testimony, hence the refusal to permit Cannon to testify regarding the same matter would present no error upon which a reversal could be predicated.

By written objection to the charge, appellant complained that the court had omitted to charge upon accomplice testimony. This presents an error for which the judgment must be reversed. Article 670, P. C. (1925) provides that a purchaser, transporter, or possessor of intoxicating liquor shall not be held to be an accomplice witness; that is, the mere fact that he may have been a purchaser, co-transporter or co-possessor would not characterize him as an accomplice witness. The identical question here presented was passed upon in Durham v. State, 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92. It was there recognized that under said Art. 670, a co-transporter was not an accomplice witness generally, but the witness Smith in that case who was a co-transporter with Durham, had been indicted by the State for the same offense charged against Durham and by force of the indictment against Smith, he was held to have been an accomplice witness. The reasons for such holding are set out in the opinion in Durham's case and also in Lowe's case, 98 Texas Crim. Rep., 502, 267 S. W., 270. The effect of an indictment against a witness for the same offense for which accused may be on trial was more recently considered in Herrera v. State, 115 Texas Crim. Rep., 526, 27 S. W. (2d) 211. See also Newton v. State, 94 Texas Crim. Rep., 291, 250 S. W., 1036; Oates v. State, 48 Texas Crim. Rep., 131, 86 S. W., 769; Herring v. State (Texas Crim. App.), 42 S. W., 301, and Grissman v. State, 93 Texas Crim. Rep., 15, 245 S. W., 438. Reverting to the Durham case, supra, it was before the court three times. The opinion on the first appeal is reported in 106 Texas Crim. Rep., 85, 290 S. W., 1092. There it was announced that Smith was an accomplice witness, without stating the reason. The opinion on the second appeal is reported in 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92, and shows clearly that Smith was under indictment for the same offense as Durham, and hence Art. 670, P. C., was not operative. On the third appeal, which is reported in 112 Texas Crim. Rep., 395, 16 S. W. (2d) 1092, it was stated in the opinion that under the terms of

Art. 670, P. C., Smith was not an accomplice witness. Without a close reading of the opinion it might appear to be in conflict with the former holdings in the same case. But it will be noted in the last opinion there is the statement that the indictment against Smith had been dismissed. This action on the part of the State removed the onus of an accomplice witness which the State had placed on him by such indictment, and again rendered operative Art. 670, P. C. In the present case both Green and Mrs. Green had been indicted for the same offense (transporting the same intoxicating liquor) for which appellant was on trial. Green had pleaded guilty and been given a suspended sentence. He could not be called by appellant to testify by reason of Art. 711 C. C. P. (1925), being old Art. 791, which forbids those indicted for the same offense to be used as witnesses for each other. Majors v. State, 100 Texas Crim. Rep., 304, 273 S. W., 267. At the time of the trial the indictment against Mrs. Green was still pending. By reason of the indictments both Green and his wife were accomplice witnesses as a matter of law. Appellant was entitled to have the jury so instructed in response to the objection to the charge for omitting to instruct upon that subject. For this error, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*