L. L. Thomas v. The State.

No. 14951. Delivered March 30, 1932.

The opinion states the case.

*Allen & Allen,* of Perryton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

In the indictment it was charged in the first count that the appellant, on the 20th day of July, 1931, unlawfully transported intoxicating liquor, and in the second count, it was charged that on the same date he possessed intoxicating liquor for the purpose of sale. Each of the counts was submitted to the jury which rendered a verdict finding the appellant guilty under the first count of the indictment.

The testimony given by the state's witness, Vernon Cotter, is in substance as follows: The wife of the appellant was a sister of the witness. On the 20th of July, 1931, the witness accompanied the appellant in his automobile to a place on the Spearman-Gruver road. Another man was in the party. The appellant was driving the car in which there was a gallon or a half-gallon of whisky. The parties, including the witness Cotter, hid the whisky. At the time of the trial the witness was seventeen years of age. He had sold some of the whisky but was uncertain as to the amount. There was other whisky besides that in the car. In making the sales, the witness delivered the whisky to the purchasers. Part of the whisky was stolen, and the witness sold the remainder thereof.

The witness Cotter was under indictment, charged with the sale of intoxicating liquor, and also with the possession of such liquor. Before giving his testimony, the witness was placed on trial under the indictment mentioned, that is, for the sale of and for the possession of intoxicating liquor for the purpose of sale. He had entered a plea of not guilty and sought a suspended sentence. After hearing the evidence against Cotter, the court deferred entering judgment, and the appellant Thomas was placed on trial. Cotter was then used as a witness against the appellant and gave testimony, a synopsis of which is given above.

Appellant testified that he was a citizen of Chickasha, Oklahoma; that his family consisted of his wife, two daughters (twelve and fourteen years of age), and a boy, six years old. He was a laborer and was working for the city, where he had lived for seventeen years. He denied

in detail his guilt of the offense with which he was charged and claimed that the testimony of the witness Cotter was false. He also claimed in his testimony that he had no connection with the whisky or with any whisky at the time charged. The appellant was apparently without an education.

There are a number of bills of exception complaining of the ruling of the court upon the admission of evidence and the refusal of special charges. There was also a motion for new trial which was overruled. A discussion of these matters in detail is not deemed necessary for the reason that it is apparent from the record that the only person who gave criminating testimony against the appellant was an accomplice as a matter of law; and there is an absence of corroborating testimony. The learned trial judge was under the impression that article 670, P. C., had the effect of exempting the witness Cotter from the provision of article 718, C. C. P., which forbids the conviction of one accused of crime upon the uncorroborated testimony of an accomplice. The statute mentioned (article 670) declares in substance that a co-transporter of intoxicating liquor is not an accomplice witness. The indictment against Cotter and that against appellant were for the same offense on the same transaction, and related to the same liquor. Under article 82, P. C., and article 711, C. C. P., the witness Cotter was an accomplice as a matter of law. If Cotter had not been under indictment, article 670, supra, would have operated to exempt him from the disqualification of an accomplice witness, but he and Thomas having been indicted for the same offense on the same transaction, the decisions are numerous and uniform in holding that under such circumstances, when one is used as a witness, he is an accomplice witness as a matter of law, and that article 670, supra, does not exempt his testimony from the operation of article 718, C. C. P. See Otto v. State, 117 Texas Crim. Rep., 257, 36 S. W. (2d) 177, and cases cited; also Durham v. State, 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92; Lowe v. State, 98 Texas Crim. Rep., 502, 267 S. W., 270. Many additional citations will be found in the Otto case, supra.

As the case comes here, the judgment rests solely upon the uncorroborated testimony of an accomplice. A conviction upon such testimony is forbidden by article 718, C. C. P. State's counsel before this court concedes that a reversal of the judgment is imperative. It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*