## J. D. ECHOLS V. THE STATE.

No. 18941.   Delivered June 23, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Frank Sparks,* of Eastland, and *W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for conspiracy to commit the offense of burglary, punishment assessed being confinement in the penitentiary for life, under averments and proof that appellant was an habitual criminal. (Art. 63, P. C.)

The indictment is rather unusual in that it does not purport to be a joint indictment against all parties named as conspirators, but seems to proceed against appellant only. The charging part of the indictment is as follows:

"* * * J. D. Echols did, then and there unlawfully, together

with Earl Adams, Frank Hardy, J. H. Nowlin and L. N. Yantis, conspire, combine, confederate and enter into a positive agreement together and between themselves to break and enter a house then and there occupied and controlled by Guy Patterson, * * *"

This is followed by appropriate averments showing the purpose of the conspiracy to have been burglary. It is then averred that prior to entering into said conspiracy Echols had been twelve times convicted of felonies less than capital, which convictions are then alleged by date, the character of felony, the court in which conviction occurred, and the number of the case.

L. N. Yantis was used as a witness by the State, and the principal question arises on exception to the charge because the jury was not instructed that Yantis was an accomplice witness as a matter of law, and because the issue as to whether he was such accomplice witness as a matter of fact was not submitted to the jury.

Yantis was night watchman in the City of Rotan. He testified that appellant and Earl Adams approached witness with reference to burglarizing the bank at Rotan of which Mr. Patterson was active vice president. Yantis' purported agreement was not to interfere to prevent the burglary of the bank, and was to participate in the proceeds of the crime. Appellant and Adams talked to Yantis a number of times about the contemplated crime. He purportedly agreed to enter the conspiracy, but with no intention of aiding in the crime but only for the purpose of keeping his superior officers informed, and to accomplish the arrest of the parties when the burglary was attempted. The uncontradicted evidence is by parties other than Yantis himself that he reported to his superior officers after each conversation had with appellant and Adams, and kept said officers advised of the plans to burglarize the bank. The consummation of the crime was postponed from time to time and finally was abandoned because of the illness of Adams' wife. Pending the conspiracy as a result of Yantis' information watch was kept at the bank for several days and nights so that the parties might be captured while in the act of committing the burglary.

It was stated in Pauly v. State, 93 Texas Crim. Rep., 183, 246 S. W., 375, as a general rule:

"That where one who has taken part in the commission of an offense endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact, and the jury must be called upon to determine whether or not he

was an accomplice witness. An exception to this rule obtains, however, when the innocent intent is shown, without controversy, by witnesses other than the supposed accomplice."

A number of cases are cited as supporting the announcement. Later cases to the same effect are Benavides v. State, 123 Texas Crim. Rep., 583, 60 S. W. (2d) 436; Holmes v. State, 125 Texas Crim. Rep., 354, 68 S. W. (2d) 189; Bickham v. State, 126 Texas Crim. Rep., 511, 72 S. W. (2d) 1095. In the present case the innocent intent of Yantis is shown without controversy by witnesses other than himself. Giving application to the rule announced in Pauly v. State (supra) it was not necessary under the facts to submit to the jury the issue whether Yantis was an accomplice witness.

It remains to be determined whether under the averment in the indictment that appellant "conspired," etc., with Yantis and the other parties named the court was called upon to instruct the jury that Yantis was an accomplice witness as a matter of law. It has been held many times that a witness who is under joint or separate indictments for the same offense for which an accused is on trial is to be regarded as an accomplice witness as a matter of law when called by the State to testify. The holding was predicated largely upon Art. 711, C. C. P., which denies to an accused on trial the right to call as a witness one who is under indictment for the same offense as is accused. See Durham v. State, 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92; Lowe v. State, 98 Texas Crim. Rep., 502, 267 S. W., 270, and authorities there cited; Otto v. State, 117 Texas Crim. Rep., 257, 36 S. W. (2d) 177; Thomas v. State, 120 Texas Crim. Rep., 274, 48 S. W. (2d) 278. If the indictment against appellant was also a joint indictment against Yantis, or if the record showed a separate pending indictment against Yantis, the principle alluded to would be applicable. There is nothing in the record to show that any separate indictment had ever been returned against Yantis, and under the peculiar terms of the indictment against appellant it is not thought to be a joint indictment which includes Yantis. Under its wording if appellant had sought to use as a witness any of the other parties named therein it is doubtful if Art. 711, C. C. P., would have prevented their use by him. The case proceeded against appellant alone, and the trial court submitted the case upon the issue of conspiracy as between appellant and Adams, recognizing that the evidence failed to sufficiently connect Hardy and Nowlin with the transaction as to raise an issue whether they were parties to the conspiracy and that evidence without controversy

from witnesses other than Yantis demonstrated beyond question that his connection with the transaction was innocent of any purpose which would taint him with unlawful connection with the conspiracy. We believe that under the peculiar wording of the indictment we would be unwarranted in holding that the court was required to charge that Yantis was an accomplice witness as a matter of law. In the case of Johnson v. State, 84 S. W. (2d) 240, the indictment is not set out in the opinion, but inspection of the original as found in the transcript shows it to be substantially the same as in the present case. The point was there raised that the evidence of Mrs. Herman was improperly received, it being claimed that her husband was a co-indictee with Johnson. It was held under the same character of indictment as here found that he was not a co-indictee. Said case seems to be direct authority supporting our conclusion.

The court charged the jury that if they found from the evidence beyond a reasonable doubt that appellant and Earl Adams entered into a conspiracy to break and enter a house occupied and controlled by Patterson, etc., they would find him guilty. This charge was excepted to upon the ground that it having been alleged in the indictment that a conspiracy was entered into with Adams, Hardy, Nowlin and Yantis that it was error for the court to authorize a conviction if appellant entered into a conspiracy with only one of the parties named. The opinion in Woodworth v. State, 20 Texas Crim. App., 375, is direct authority against appellant's contention.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again reviewed the facts in this record in the light of appellant's insistence that same do not support our announced conclusion that the testimony of others, and of himself, showed the innocent intent of State witness Yantis in what he did,—apparently acting with appellant and others in their conspiracy to commit burglary. We do not deem it necessary to quote or recite the facts narrated by the other witnesses. We adhere to what we said in this regard in our former opinion.

The motion for rehearing is overruled.

*Overruled.*