RAEBURN NORRIS V. STATE

No. 28,789. April 24, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 5, 1957.

*Percy Foreman*, Houston, *Robert Q. Garrett, Jr.*, Anson, *Luther E. Jones, Jr.*, Corpus Christi, for appellant.

*Tom Todd*, District Attorney, Abilene, *Sam Burris*, District Attorney and *Lawrence Warburton, Jr.*, Assistant District Attorney, Alice, *Sidney P. Chandler*, Special Assistant Attorney General, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the substantive crime of conspiracy to commit the felony offense of misapplication of public funds by an officer as denounced by Article 95, V.A.P.C.; the punishment, two years.

In order to support such an indictment, the state was required to prove that the appellant conspired with the county officers, named in the indictment or any of them, to misapply the county funds.

Without going into details, the facts most favorable to the state may be stated as follows:

Prior to October 3, 1952, appellant's law partner, Alaniz, had been indicted for a felony. Appellant was delegated custodian of funds contributed to assist Alaniz in the payment of the fee of his attorney. On the date above mentioned, appellant

secured three drafts from the San Diego State Bank in the sum of $5,000 each, payable to the attorney representing Alaniz. On October 28, 1952, appellant executed and delivered to the San Diego State Bank three notes for the sum of $5,000 each, in payment of the drafts. Something like three and a half months thereafter, on February 11, 1953, two of these notes were paid, and the other renewed.

On July 15, 1953, the county auditor and the county treasurer of Duval County drew upon the treasurer of that county a warrant for $5,000, payable out of the funds of the county, which recited that the payment of the money was allowed by the commissioners' court of said county at its July term, 1953.

The San Diego State Bank endorsed the warrant and received credit for the amount thereof at the Texas State Bank of Alice, which was the county depository, with which the San Diego State Bank had an account.

The evidence shows only circumstantially, if it does, that this $5,000 was applied by the San Diego State Bank to the payment of the renewal note of the appellant.

There is an absence of any testimony showing that appellant directed that the warrant be applied to the payment of his note or that he had any knowledge at the time that the warrant was to be so used or applied. There is an absence of any testimony from any source as to why the bank credited the warrant to the payment of appellant's note. So far as this record is concerned, the bank used the warrant to pay appellant's note of its own volition.

The county judge and one of the county commissioners named in the indictment, as defendants and parties to the conspiracy, were called as witnesses by the state and, after the prosecution against them had been dismissed by the state, testified, in effect, that the commissioners court had never ordered the $5,000 warrant drawn and that the county was not, at the time, indebted to the San Diego State Bank in any amount.

It is interesting to note that, in the examination of these two witnesses, the state did not inquire of them if they had entered into the alleged conspiracy with him (the appellant), as the state had charged in this indictment against them.

The fact that the witnesses did not attest the existence of the

conspiracy, as the state charges in the indictment, is a strong circumstance that they would not so testify and therefore that there was no conspiracy as alleged.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

There are several principles of law applicable to this appeal which do not appear to have been applied by the majority.

Proof of the conspiracy charged in the indictment between the accused and any one or more of the persons with whom he is alleged to have conspired is sufficient. Echols v. State, 133 Texas Cr. Rep. 121, 109 S.W. 2d 190; Wilkirson v. State, 107 Texas Cr. Rep. 247, 296 S.W. 558.

Where it is alleged that more than two parties entered into the conspiracy, the allegation of the name of one not shown to be a party thereto may be rejected as surplusage. Woodworth v. State, 20 Texas App. 375; Echols v. State, supra.

The conspiracy charged may be established by circumstantial evidence and generally speaking reliance upon circumstantial evidence is necessary in order to obtain a conviction. Caldarera v. State, 122 Texas Cr. Rep. 46, 53 S.W. 2d 485, and other cases cited in Branch's Ann. P.C., 2d Ed., Sec. 2896.

A conspiracy may be shown by acts and conduct, and it is not necessary that the state prove that the parties charged came together and actually agreed in terms to commit the offense. Burow v. State, 85 Texas Cr. Rep. 133, 210 S.W. 805.

A conspiracy is deemed to be shown where there is some evidence of participation or interest in the commission of the crime apart from the testimony of the alleged conspirators. The identification of the defendant and another as joint participants is sufficient evidence of the conspiracy. Whitehead v. State, 148 Texas Cr. Rep. 190, 185 S.W. 2d 725; 18 Texas Jur., p. 213, Sec. 122.

This is a circumstantial evidence case.

There is no evidence in the record to show that the county judge or the commissioners conspired to misapply county funds

or to show that they were parties to the misapplication of funds by the county treasurer and the county auditor. It does not follow that the evidence is insufficient to support this conviction.

The court, in his charge, authorized appellant's conviction upon a finding by the jury that he conspired with any one or more of the persons named as co-conspirators in the indictment

This record shows without question that F. Saenz, Jr., and C. T. Stansell, Jr., County Treasurer and County Auditor respectively of Duval County, signed a warrant drawn on the treasurer in the sum of $5,000, falsely reciting that it was for an amount allowed by the commissioners court of Duval County at its July term 1953.

This warrant was payable to San Diego State Bank who received it and was credited by the depository bank of Duval County with the $5,000. The bank had no claim against Duval County and the warrant was not drawn in payment of any indebtedness of Duval County to the San Diego State Bank.

The evidence mentioned is clearly sufficient to show that Saenz and Stansell fraudulently misapplied the proceeds of the warrant. It remained for the state to prove that appellant was a participant in such misapplication of the county's funds by the treasurer and auditor.

The records of the San Diego State Bank introduced in evidence show that appellant's note in the sum of $5,000 was paid with the proceeds of this warrant. There were no $5,000 items in that day's business at the bank other than the proceeds of the county warrant and the offsetting item which represented the payment of appellant's note. That the officers of the bank testified to no independent recollection of the matter does not warrant the inference that there is any uncertainty about the bank records showing that appellant received the benefit of the proceeds of the county warrant misapplied by the county treasurer and auditor.

The majority opinion suggests as a reasonable hypothesis that the $5,000 may have been credited to the payment of appellant's note without the knowledge of appellant and upon the bank's own volition.

The evidence shows that the bank was not entitled to and did not own the warrant or its proceeds. As payee it accepted

the warrant and its proceeds and was bound to account there- for to the person for whose benefit they received it.

To suggest that the officers of the bank credited the $5,000 to the payment of appellant's note without being instructed or authorized to do so is not only contrary to human experience and common knowledge, but implies that the bank officials were guilty of misapplication of funds of the bank. They could not lawfully dispose of the money thus received at their whim and pleasure any more than they could appropriate the bank's money to their own use.

Appellant has been designated to receive funds donated for the purpose of paying the attorney employed to represent Nago Alaniz, his former law partner. He had signed three $5,000 notes to pay for the bank drafts that had been issued to Alaniz's attorney, the third and last of which was paid from the proceeds of the warrant.

Appellant had not previously borrowed money in such large amounts from the bank and had paid off the five or six hundred dollars he had borrowed previously in installments.

It is unreasonable to assume that the warrant was applied to the payment of appellant's debt to the payee bank in the sum of $5,000 without his knowledge. The county warrant was paid by the depository in July 1953. It was found in the auditor's office by members of an investigating committee in the summer of the following year. The evidence shows that after he was indicted appellant had in his possession a photostat of the warrant made before it was discovered in the auditor's office and after it had been paid and returned. Appellant did not testify and there is no explanation of his possession of the photostat of the warrant or of the fact that his note was paid with its proceeds a year before it was discovered by the investigating committee.