No. 04-01-00041-CR



Lamar BURKS,


Appellant



v.



The STATE of Texas,


Appellee



From the 208th District Court, Harris County, Texas


Trial Court No. 843968


Honorable Denise M. Collins, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Alma L. López, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 

Delivered and Filed: July 31, 2002


AFFIRMED

 Lamar Burks was convicted of and sentenced for murder. We affirm.

Factual and Procedural Background


 On June 30, 1997 at approximately 2 a.m., Officer Mike Perales was patrolling the Fifth Ward
in Houston when he noticed a crowd of people gathered in front of a restaurant. Suspecting a fight,
Perales stopped his vehicle and approached the crowd but retreated when he heard gun shots. After
the crowd dispersed, Perales found Earl Perry on the ground. Perry had suffered a fatal gun shot
wound. An investigation ensued, and Burks was arrested for Perry's murder.

 Burks' trial was originally set for May of 1998. However, because the State was unable to
locate a key witness, Kevin Scales, the case was dismissed before it could be tried. Burks was
eventually reindicted and tried for murdering Perry. A jury found Burks guilty and assessed
punishment at seventy years imprisonment and a $10,000 fine. Burks appealed.

Admissibility of Witness Testimony

 In his first and third points of error, Burks argues the trial court erred in admitting certain
testimony during the guilt/innocence phase of the trial.

Standard of Review

 A trial court's ruling on the admissibility of evidence is subject to an abuse of discretion
standard on appeal. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An abuse of
discretion will be found "only when the trial judge's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). We will uphold the trial court's ruling
even if it is incorrect if we conclude "it is permissible under any theory applicable to the case."
Draheim v. State, 916 S.W.2d 593, 599 (Tex. App.-San Antonio 1996, pet. ref'd).

Discussion


 Hearsay testimony


 Burks first argues the trial court erred in admitting the following hearsay testimony by
Sergeant Eric Mehl that identified Burks as the person who murdered Perry. We disagree.

 Mehl testified regarding information he received from Kevin Scales. The complained-of
testimony includes the following:

State: Was [Kevin Scales] able to identify anybody in the photograph?

Defense: I'd object to any hearsay.

Court: Overruled.

State: Was he able to identify anybody in the photospread that you had?

Mehl: Yes.

State: Was that a photograph of this defendant, Lamar Burks?

Mehl: Yes.

State: Do you see him in the courtroom today?

Mehl: Yes, I do.

State: Would you point to him and identify something that he's wearing?

Mehl: He's seated here wearing a green-colored sports coat and tie.

 "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). The
question Burks objected to, along with the question that followed, were not hearsay, because neither
the questions nor Mehl's response related to the content of Scales' statement. See Head v. State, 4
S.W.3d 258, 262-63 (Tex. Crim. App. 1999). Whether the remainder of the State's questions and
Mehl's responses amount to hearsay is questionable though. Id. However, since Burks failed to object
to this testimony, we need not address the issue. See Tex. R. App. Proc. 33.1(a). 





 Motion in limine


 Burks next contends the trial court erred in overruling his objection to a line of questioning
by the State and testimony by Mehl that, according to Burks, violated a motion in limine granted by
the court, because it implied Kevin Scales was hiding out in fear of Burks. We disagree. "[V]iolation
of a motion in limine, by itself, is not a basis for appellate complaint." Ludwig v. State, 969 S.W.2d
22, 28 (Tex. App.-Fort Worth 1998, pet. ref'd). To preserve error, a timely objection stating specific
grounds must be made at trial. Tex. R. App. Proc. 33.1(a). We therefore conclude the error, if any,
was waived.


 Extraneous offenses


 In his third point of error, Burks argues the trial court erred in admitting evidence of an
extraneous offense. We again disagree.

 The testimony Burks maintains is inadmissible evidence of an extraneous offense or bad
character is the same evidence he claims violated a motion in limine conditionally granted by the court
- testimony by Sergeant Mehl regarding missing witness Kevin Scales. However, Burks did not object
on this basis at trial when he argued Mehl's testimony was hearsay, speculative, and a comment on
the weight of the evidence; consequently, the error, if any, was waived. See Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). Moreover, even if Burks had objected on this basis, the
evidence does not show an offense actually occurred, i.e., that Burks threatened a witness or was
involved in Scales' disappearance. See Harris v. State, 738 S.W.2d 207, 224 (Tex. Crim. App. 1986),
cert. denied, 484 U.S. 872 (1987). We therefore conclude the trial court did not abuse its discretion
in admitting the evidence.



 Objection outside jury's presence


 Burks complains the trial court erred in allowing investigator Wade Woodruff to testify about
the material witness bond issued for Kevin Scales and his unsuccessful attempts to locate Scales,
because Woodruff's inability to find Scales implied (1) Scales was a material witness; and (2) a
material witness was hiding out of fear of Burks or that Burks was responsible for Scales' failure to
testify. We disagree.

 At trial, before Woodruff was called to testify, Burks requested a hearing outside the presence
of the jury during which the court initially determined it would permit the State to ask Woodruff
whether a "material witness bond" had been issued for Kevin Scales. Burks objected, arguing that
"any inference [by Woodruff] to this jury that the testimony of Kevin Scales is material" would be an
impermissible comment on the weight of the evidence. Without expressly ruling on the objection, the
court stated it disagreed with Burks' objection but nevertheless proposed a compromise - that the
State "avoid the word material." Burks objected to this as well on the same basis. Again without
expressly ruling on the objection, the court asked Burks, "[h]ow is it a comment on the weight of the
evidence?" After some discussion, the court proposed a third alternative - that the State ask
Woodruff, "did you because of an order from this Court have the authority to arrest Mr. Scales for
the purpose of bringing him to court if you see ... or something like that." To this, Burks did not
object but instead asked: "[w]e're not going to get into ... no material witness bond?" The court
responded "[n]o." Then, after the jury was brought back into the courtroom, the State asked
Woodruff: "did you receive the authority from Judge Collins to seize the body of one Kevin Scales,
pick him up and transport him immediately to this court if he was seen by yourself or any other law
enforcement officer?" Woodruff responded, "[y]es, I did." Burks did not object.

 "When the court, out of the jury's presence, hears and overrules objections to evidence, those
objections need not again be made before the jury when the evidence actually is presented to the
jury." Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Here, out of the jury's
presence, Burks initially objected to any reference by the State to "material witness bond" and the
court's instruction that the State avoid using the word "material." However, when the court
instructed the State a third and final time on how it should proceed in questioning Woodruff to limit
any reference to "material witness bond," Burks failed to renew his objection and obtain an adverse
ruling. See Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.) ("to preserve error, the
objecting party must continue to object each time the objectionable evidence is offered"), cert.
denied, 528 U.S. 1026 (1999). His failure to object during the conference and again when Woodruff
testified waived any complaint to the trial court's ruling and Woodruff's testimony about his inability
to locate Scales. Burks' first and third points of error are overruled.

Failure to Instruct on Accomplice as a Matter of Law

 In his second point of error, Burks argues the trial court committed reversible error when it
failed to instruct the jury that Derevin Whitaker was an accomplice as a matter of law.

Applicable Law

 When an accomplice witness is called by the State, the accomplice witness rule requires the
State to corroborate accomplice testimony relied on to connect the defendant with the offense. Blake
v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). An accomplice is someone who "could be
prosecuted for the same offense as the defendant, or a lesser included offense," i.e., "if there is
sufficient evidence connecting them to the criminal offense as a blameworthy participant." Id. at 454-555. "'[T]he test is whether or not there is sufficient evidence in the record to support a charge
against the witness alleged to be an accomplice." Id. (quoting Morgan v. State, 171 Tex. Crim. 187,
346 S.W.2d 116, 118 (1961)). If "there exists no doubt or the evidence clearly shows that a witness
is an accomplice witness," then the witness is an accomplice witness as a matter of law and "the court
is under a duty to so instruct the jury." DeBlanc v. State, 799 S.W.2d 701, 708 (Tex. Crim. App.
1990), cert. denied, 501 U.S. 1259 (1991). If, however, the evidence is conflicting, "an accomplice
as a matter of fact" instruction should be given and the determination of whether the witness is an
accomplice left to the jury to decide. Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).

Discussion

 At the guilt/innocence stage of the trial, the State called Whitaker as a witness. During the
charge conference, Burks requested an "accomplice as a matter of law" instruction, because Whitaker
had been indicted for the same offense. The court refused Burks' request to submit an instruction that
Whitaker was an "accomplice as a matter of law" and submitted an "accomplice as a matter of fact"
instruction to the jury. On appeal, Burks contends Whitaker was an accomplice as a matter of law
even though the indictment against him had been dismissed prior to trial, because it was "only
dismissed after he agreed to testify on the morning of his testimony." He therefore argues that the
court rather than the jury should have made this determination and instructed the jury accordingly.
We disagree.

 "A State's witness who has been indicted for the same offense as the defendant is considered
to be an 'accomplice as a matter of law.'" DeBlanc, 799 S.W.2d at 708. However, a person is not
necessarily an accomplice as a matter of law if the indictment is dismissed. Otto v. State, 117 Tex.
Crim. 257, 36 S.W.2d 177, 178 (1931) (court indicated in dictum that the dismissal of an indictment
against a witness removed his accomplice as a matter of law status); Hilton v. State, 975 S.W.2d 788,
792 (Tex. App.-Texarkana 1998, pet. ref'd). If the indictment is not dismissed in exchange for
testimony against the accused, the witness is not an accomplice as a matter of law. See Barrara v.
State, 42 Tex. 260 (1875) (co-indictee was an accomplice as a matter of law because he agreed to
testify only on condition that the charges against him be dismissed).

 Here, the indictment against Whitaker was dismissed before Burks' trial so that he was no
longer a co-indictee. That the indictment against Whitaker was only dismissed the morning of Burks'
trial has no bearing on Whitaker's accomplice status. See Garza v. State, 164 Tex. Crim. 9, 296
S.W.2d 267, 269 (1956) (court held witness whose indictment was dismissed the morning of the
defendant's trial was not an accomplice as a matter of law). And, contrary to Burks' assertion, there
is no evidence Whitaker agreed to testify against Burks only if the indictment against him was
dismissed. Thus, the trial court was correct in refusing to instruct the jury to find Whitaker to be an
accomplice as a matter of law unless there was other evidence in the record that clearly showed
Whitaker was an accomplice. Blake, 971 S.W.2d at 454-55. 

 For other evidence Whitaker was an accomplice, Burks relies on the grand jury testimony of
Randy Lewis, a witness unavailable at the time of trial. However, this testimony was not admitted into
evidence so we cannot consider it. Id. at 455. Additionally, Burks relies on the testimony of Sergeant
Mehl, arguing "it is clear from Sgt. Mehl's testimony before the jury that there was an additional
witness who had evidence implicating Whitaker in the murder." We again disagree. A review of the
record shows Mehl testified as follows:

State: Let's back up to 1999 when you're starting the investigation again. You received
information from somebody or from some source, right?


Mehl: Yes.

State: Based on that information did you come to me?

Mehl: Yes.

State: And did you present information to a Grand Jury?

Mehl: We did.

State: Who was indicted at that time?

Mehl: Lamar Burks and Derevin Whitaker.

...

State: Did you make a trip to see Derevin Whitaker?

Mehl: I did.

...

State: What did he tell you?

Mehl: Whitaker told me that he and Lamar Burks had been at A's Restaurant across the
street, and later that night they had worked the door at J's Sportsman's Lounge.
Whitaker told me that business at the lounge was slow so he went home from there.
That was essentially his whole knowledge of what happened that night that Earl Perry
was killed.


State: He didn't have any involvement of any kind?

Mehl: Correct.

...

State: Did you interview him again?

Mehl: Yes.

...

State: Did he acknowledge that he had knowledge of what occurred that night but that he
was not involved in the case itself?


Mehl: Yes, he did.


State: The statement that he gave to you and that I was present for, did he prove that he was
innocent of the offense?


Mehl: The statement in and of itself did not.

Upon questioning Mehl further about the information he had received from Whitaker, Mehl
concluded he believed Whitaker was telling the truth when Whitaker told him he witnessed but had
not actively participated in the shooting and murder of Earl Perry. 

 We agree that it can be inferred from this testimony that Mehl had talked with another
witness, who provided evidence that implicated Whitaker in Perry's murder and led to his indictment.
However, there is nothing in the record that shows what specific evidence lead to Whitaker's
indictment. As stated previously, evidence that Whitaker was indicted for the murder - without more
- is insufficient because the indictment was dismissed. See id at 455. Moreover, Mehl's testimony
supports a finding to the contrary - that Whitaker was not an accomplice. Id. at 454. ("A person who
is merely present at the scene of the offense is not an accomplice; an affirmative act or omission is
required. ... [O]ne is not an accomplice for knowing about a crime and failing to disclose it, or even
concealing it."). Having found no clear evidence in the record that Whitaker was an accomplice in
the murder of Earl Perry, we conclude that, at most, Burks was entitled only to the accomplice as a
matter of fact instruction that was given to the jury. We therefore overrule Burks' second point of
error. 

Evidence of Extraneous Offense During the Punishment Phase

 In his fourth point of error, Burks argues the trial court erred in allowing the State to
introduce evidence Burks was arrested several times for drug possession and for hitting a police
officer, because none of these arrests resulted in a conviction. We disagree. "At punishment, the state
is entitled to admit evidence of unadjudicated extraneous offenses regardless of whether the defendant
was charged or finally convicted of the offenses." Romero v. State, 34 S.W.3d 323, 326 (Tex.
App.-San Antonio 2000, pet. ref'd).

 Burks also contends the trial court should not have allowed Special Agent Jack Schumacher
to testify about Burks' membership in the Hardy Street Boys, a gang well known for its drug related
activities, because Schumacher's testimony was based on inadmissible hearsay. We disagree. 

 "[T]he facts or data forming the basis of the expert's opinion 'need not be admissible in
evidence'; thus, an expert's opinion could be predicated solely on inadmissible hearsay if of a type
reasonably relied upon by experts in that field of expertise." Ramirez v. State, 815 S.W.2d 636, 651
(Tex. Crim. App. 1991). "This rule recognizes that experts [may] ... form their opinions and draw
inferences ... [based] on their experience and training." Id. 

 Schumacher, an agent with the Drug Enforcement Agency, testified he had received
information from a number of sources, including an informant, some prison inmates, and other police
officers that Burks was involved in drug related activities and affiliated with the Hardy Street Boys
gang. Schumacher also had personal knowledge of Burks' drug related activities and gang affiliation
from an investigation he had conducted since 1999. When Schumacher testified, Burks stipulated that
Schumacher was an expert in narcotics investigation. As such, Schumacher was not required to have
personal knowledge Burks was affiliated with a drug trafficking gang; he could rely on hearsay as the
basis of his expert opinion. Id. at 650-51. Nevertheless, Schumacher did have personal knowledge
of Burks' illegal drug and gang activities, and the State established Schumacher's testimony and
opinion regarding Burks' criminal activity were based on his numerous years of training and
experience in conducting similar investigations. Thus, the trial court did not err in admitting his
testimony. We therefore overrule Burks' final point of error and affirm the trial court's judgment.

 Sarah B. Duncan, Justice

Do not publish