### FRED MAYS v. THE STATE.

#### No. 3470.   Decided November 9, 1906.

**1.—Burglary—Private Residence—Distinct Offenses.**

Where upon trial for burglary of a house in the night-time, the evidence showed that the building charged to have been burglarized was a school dormitory, which was a three-story building; and that the room burglarized was occupied by three inmates of the school, one of whose property was taken. Held, that this was evidently the living place of the occupants and ·that this room was a private residence, and defendant could not be convicted of burglary of a house at night, which is a distinct offense.

**2.—Same—Allegation of Ownership—Particular Room.**

Where upon trial for burglary the evidence showed burglary of a particular room and the theft of property therein, of a particular person, the ownership thereof should have been laid in such person.

**3.—Same—Bills of Exception—Stenographic Report—Practice on Appeal.**

Where upon appeal questions relating to the admission of testimony were not presented in separate bills, but occurred in the stenographic transcript, they were not in condition to be reviewed.

Appeal from the District Court of Guadalupe. Tried below before the Hon. M. Kennon.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*P. E. Campbell,* for appellant.—On question of a private residence: Ullman v. State, 1 Texas Crim. App., 220. On question of distinct offenses: Fonville v. State, 62 S. W. Rep., 573; Osborn v. State, 61 S. W. Rep., 491.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary in the night-time, and his punishment assessed at four years confinement in

the penitentiary; hence this appeal. Appellant insists that the proof shows that the burglary committed was of a private residence, but under the indictment, which was simply an allegation of a burglary of a house at night, appellant could not be convicted, inasmuch as the burglary of a private residence is a distinct offense with a different punishment. The proof showed that at the time of the alleged burglary the building charged to have been burglarized was a school dormitory, in the general charge of the superintendent, David Abner, and that Asia Minor Williams, had special charge of the dormitory. The dormitory was a three story building. The room burglarized was occupied by Beulah Johnson, Cora Eugene and Asiline Eugene. The goods taken were Beulah Johnson's personal property. We think under the decisions that this was a private residence, the burglary of which has been held to be a distinct offense from the burglary of a house merely. "Residence" means a place of abode, where a person lives. 7 Words & Phrases, Residence. This was evidently the living place of the occupants. The room itself was the home of those who occupied it. Under our decisions there is no question but that this was a private residence. Holland v. State, 74 S. W. Rep., 763; Cleveland v. State, 61 S. W. Rep., 492. The indictment should have been framed under the amended statute relating to the burglary of a private residence.

We further believe that inasmuch as the proof shows burglary of the particular room occupied by Beulah Johnson, the ownership should have been laid in her; and especially of the goods which were in her personal possession and charge. In addition to the questions above discussed, appellant has filed a brief, in which he discussed other questions relating to the admission of testimony. These matters are not presented in separate bills, but occur in the stenographic transcript of the facts adduced, and are not in such condition to be reviewed.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*