### Jose Alinis v. State.

No. 1297.    Decided June 23, 1911.

Rehearing denied October 11, 1911.

**1.—Burglary—Private Residence.**

Where, upon trial of burglary the evidence showed that a storeroom was subdivided, having two partitions, the front room being a restaurant, the middle room a kitchen and the rear room a sleeping apartment, and that the burglarious entry was made into the middle room or kitchen, and the articles taken from this room. Held, that no part of the building was a private residence other than the rear room which was occupied as a sleeping apartment. Distinguishing Holland v. State, 45 Texas Crim. Rep., 172.

**2.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of burglary, the court charged on circumstantial evidence, and there was no evidence of an explanation of defendant's possession of the stolen property, there was no error in the court's failure to submit a charge on defendant's possession of the property.

**3.—Same—Evidence—Taking.**

Upon trial of burglary, where the State relied for a conviction on defendant's possession of the alleged stolen property, there was no error to permit the State to prove that the alleged property was taken out of the room after entry had been made by force.

Appeal from the District Court of Karnes. Tried below before the Hon. John M. Green.

Appeal from a conviction of burglary; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*M. B. Little*, for appellant.—On the question of the difference between ordinary burglary and burglary of a private residence: Martinus v. State, 47 Texas Crim. Rep., 528, 84 S. W. Rep., 831; Mays v. State, 50 Texas Crim. Rep., 391, 97 S. W. Rep., 703.

On question of the insufficiency of the evidence: Same authorities as above cited.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of private residence: Williams v. State, 2 Texas Ct. Rep., 359, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was indicted, charged with the offense of burglary, that he entered the house by force with the intent to steal. He was convicted and sentenced to two years' confinement in the penitentiary, from which judgment he has appealed to this court.

The appellant contends that the facts show that the house burglarized was a private residence and as the burglary was committed in the night-time he should have been prosecuted under article 839a instead of article 838. It has been held by this court that the offense denounced in article 839a is a separate and distinct offense, and if the facts show a violation of this article of the statute, a conviction under article 838 would not be justified. Martinus v. State, 47 Texas Crim. Rep., 528, 84 S. W. Rep., 831; Mays v. State, 50 Texas Crim. Rep., 391, 97 S. W. Rep., 703, and if the room burglarized in this case is to be construed to be a private residence, then of course this conviction can not stand. In Holland v. State, 45 Texas Crim. Rep., 172, 74 S. W. Rep., 763, a room occupied as a sleeping apartment in a school dormitory or hotel is held to be the private residence of the occupant, but we do not think the authorities justify or authorize a holding that the office, dining room or kitchen of a hotel is a private residence, or part of a private residence, even though the proprietor with his family should occupy certain rooms of the hotel as sleeping apartments. In fact, each room of a hotel has been held to be the private residence of the occupant of the room, and not the private residence of the proprietor who occupied other rooms. In this case the facts show that Ben Silva rented a store house in Karnes City, close to the postoffice. That store room was subdivided, having two partitions. The front room was a restaurant; the middle room was used as a kitchen, and the rear room as a sleeping apartment of himself, wife and daughter. The entry was made into the middle room or kitchen, and the articles taken from this room. When we take the use of the entire building, we are constrained to believe, under the former decisions of this court, that no part of the building was a private residence other than the rear room occupied by Silva and family as sleeping apartment, and taking this view there was no error in refusing to give charge No. 2 requested. The court's charge presents fully the law as applicable to a case depending on circumstantial evidence, and there was no error in refusing to give special charge No. 2. Defendant did not before, at the time of his arrest, nor at any other time, give any explanation of his possession of the stolen property, and under the evidence it was not incumbent nor proper for the court to charge on defendant's possession of the property. The State relied on the testimony of the witness Remedes to show that defendant had pos-

session shortly after the burning of Tobin's store, Silva having testified that the house was burglarized and watch stolen the night of the fire. This witness says it was after the fire that defendant pawned her the watch, and if defendant ever had the watch, the possession after the burglary was recent and unexplained.

Neither did the court err in permitting the State to prove that a clock and watch were stolen out of the room after entry had been made by force. The evidence supports the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied, October 11, 1911.—Reporter.]