### ENEMENCIO ALINIS v. STATE.

#### No. 1298.  Decided October 18, 1911.

**1.—Burglary—Evidence—Limiting Testimony.**

Upon trial of burglary, there was no error in permitting the State to prove that the property was stolen from the house and that defendant was found in possession of it, although the indictment did not specifically allege this.  Following Lyne v. State, 53 Texas Crim. Rep., 387, and there was no error in the court's failure to limit this testimony to the issue of intent.

**2.—Same—Private Residence—Case Stated.**

Where, upon trial of burglary, the evidence showed that the alleged house was a store house, which was divided into three rooms, the first room being used as a restaurant, the middle room as a kitchen, and the rear room as a place to sleep, and that the middle room was entered and the property stolen therefrom; held that the latter was not a part of a private residence.

Appeal from the District Court of Karnes.  Tried below before the Hon. John M. Green.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Little,* for appellant.—Upon question of the court's failure to limit possession to intent: Maines v. State, 23 Texas Crim. App., 568; Davidson v. State, 22 Texas Crim. App., 373.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case, appellant was indicted by the grand jury, charged with burglary. Upon a trial, he was convicted, and his punishment assessed at two years confinement in the penitentiary.

1. It was a case of circumstantial evidence, and the State relied on the fact that appellant was found in possession of a portion of the property stolen from the house as a circumstance to connect him with the offense. Appellant objected to the State proving that property was stolen from the house, and that defendant was found in possession of it, as the indictment only alleged burglary with the intent to commit theft, and did not specifically allege that the property found in defendant's possession was stolen from the alleged burglarized house. This identical question was passed on by this court in the case of Lynne v. State, 53 Texas Crim. Rep., 386, and the testimony held admissible as having a bearing tending to connect a person on trial with the commission of the offense. See also Mosely v. State, 43 Texas Crim. Rep., 560. It follows that the court did not err in admitting the testimony, nor in refusing the special charge requested by appellant, limiting this testimony as only admissible to show intent. It was admissible for that purpose, and also as a circumstance tending to connect the appellant with the offense committed.

2. The only other ground in the motion raises the question that the house in question was a private residence, and if the offense of burglary was committed, he could not be convicted under article 839 of the Penal Code, but he should be prosecuted under article 839a. This question was discussed in the case of Jose Alinis v. State, decided at the last term of court and not yet reported. The evidence shows that the house burglarized was a storehouse in which a restaurant was conducted. The storehouse, by partitions, was divided into three rooms. The first room was where the public were given their meals; the middle room where the cooking was done, while the rear room was used as a place to sleep by the prosecuting witness and his wife. The room entered, and from which the property was stolen, was the cook room. Under the decisions of this court, we do not think this would make the room in question a part of a private residence. See Holland v. State, 45 Texas Crim. Rep., 172, 74 S. W. Rep., 763; Jose Alinis v. State, 63 Texas Crim. Rep., not yet reported.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding judge, absent.