## H. L. SHORNWEBER V. THE STATE.

### No. 2404.   Decided April 16, 1913.

### Rehearing denied May 7, 1913.

**1.—Burglary—Argument of Counsel.**

In the absence of a bill of exceptions, an objection to the argument of counsel can not be considered.

**2.—Same—Private Residence—Indictment.**

Where the indictment charged burglary in two counts in the ordinary form alleging burglary at night-time and in daytime, and the evidence showed that the alleged injured party did not sleep or live in that part of the building which was in fact burglarized, but slept in another part of it on a little gallery between the lower floor and the roof elevated about ten feet from the floor, this would not constitute the store which was burglarized, a private residence within the meaning of the statute. Following Alinis v. State, 63 Texas Crim. Rep., 272.

**3.—Same—Practice on Appeal.**

In the absence of a bill of exceptions or motion for new trial, matters suggested for the first time in the brief can not be reviewed on appeal.

**4.—Same—Stating Facts in Opinion—Practice on Appeal.**

Where this court found from the record that the indictment did not allege that the house burglarized was a private residence and the record supported this finding, this will control the statement in attorney's briefs and motion for rehearing.

**5.—Same—Private Residence.**

Where the indictment did not allege that the house burglarized was a private residence, and the evidence showed that it was a store and that the party injured slept in another portion of the building used as a sleeping gallery and was not a part of the store, the contention that the evidence showed that the house burglarized was a private residence is untenable and there was no error. Following James v. State, 63 Texas Crim. Rep., 559, and other cases.

**6.—Same—Separate Offense.**

Ordinary burglary is a different offense from that of breaking into a private residence and requires different allegations and different proof, but this issue is not raised in the instant case.

**7.—Same—Breaking—Daytime Burglary—Charge of Court.**

Where the court did not submit directly a daytime burglary, but charged the jury that if defendant broke and entered the alleged house by force, he would be guilty, which charge was supported by the indictment and the evidence, which did not support a daytime breaking, there was no error in the court's failure in submitting a daytime burglary.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*Gibson & Wander,* for appellant.—On question of private residence: Jones v. State, 47 Texas Crim. Rep., 126; Martinus v. State, 47 id., 528; Mays v. State, 50 id., 391; Fonville v. State, 62 S. W. Rep., 573; Rodgers v. State, 59 Texas Crim. Rep., 146, 127 S. W. Rep., 834; Reyes v. State, 51 Texas Crim. Rep., 420, 102 S. W. Rep., 421; Martinez v. State, 51 Texas Crim. Rep., 584, 103 S. W. Rep., 930; Lewis v. State, 54 Texas Crim. Rep., 636, 114 S. W. Rep., 818; Sedgwick v. State, 57 Texas Crim. Rep., 420, 123 S. W. Rep., 702; Malley v. State, 58 Texas Crim. Rep., 425, 126 S. W. Rep., 598; Hopkins v. State, 61 Texas Crim. Rep., 590, 135 S. W. Rep., 553.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at twelve years confinement in the penitentiary.

There are two propositions in the motion for new trial, first, the undisputed evidence shows that the house burglarized was a private residence, and, second, the district attorney used remarks during his argument which were objectionable and injurious. To the second ground it may be stated that these matters are not verified in any manner or perpetuated by bill of exceptions, and, therefore, can not be considered. To the first ground it may be replied we are of opinion that the evidence does not show burglary of a private residence. The indictment contains two counts, in the ordinary form, charging burglary at night and in daytime. Nowhere in either of these counts is it undertaken to charge that the house burglarized was a private residence. The theory upon which this contention is made is that in one part of the house the alleged owner had a room in which he slept. The burglarized house was a jewelry establishment, one of the front windows being broken by a rock and the jewelry taken through this aperture. The alleged owner slept in a different part of the house from that occupied as the jewelry establishment. The alleged injured party slept in another part of it on a little gallery between the lower floor and the roof, elevated about ten feet from the floor. This will not constitute the store a private residence within the meaning of the statute. This matter was discussed in Alinis v. State, 63 Texas Crim. Rep., 272, and same style of case, page 371 of same volume.

There are other questions suggested in the brief, but are not presented by bill or motion in the record. They are suggested here for

the first time.   Under the ruling of this court these matters can not be reviewed.

As the record is presented the judgment is ordered to be affirmed.

*Affirmed.*

ON REHEARING.

May 7, 1913.

DAVIDSON, PRESIDING JUDGE.—This case was affirmed at a former day of the term, and appellant has filed a motion for rehearing.   Quoting his first ground, he says: "The court erred in this finding of facts in statement of opinion:   'The indictment contains two counts in the ordinary form charging burglary at night and in daytime.   Nowhere in either of these counts is it undertaken to charge that the house burglarized was a private residence.'   The court failed evidently to read appellant's brief where the second count of indictment was copied and italicized for court's convenience."   This is a literal copy of that portion of appellant's motion for rehearing.   In appellant's brief filed with the original submission of the case there is set out a copy of what purports to be the second count in the indictment.   He again copies the same count in his motion for rehearing verbatim as in his original brief, that portion of which is here copied from appellant's motion for rehearing:

"We again copy the second count of indictment which reads as follows:   Night-time burglary of a private residence:

"'And the grand jurors aforesaid upon their oath in said court further present:   That H. L. Shornweber, late of the county aforesaid, on or about the 19th day of the month of July in the year of our Lord One Thousand Nine Hundred and Twelve, in said County of Harris, in the State of Texas, with force and arms, then and there in the night-time, a certain house there situate "then and there occupied and controlled by E. T. Wilton, said house being then and there occupied and actually used by the said E. T. Wilton as a place of residence," fraudulently and burglariously, by force, threats and fraud, did break and enter, with the intent then and there the corporeal personal property of value of and belonging to said E. T. Wilton then and there being found,'" etc. It is unnecessary to quote the remaining part of the count which is found in the motion for rehearing, as it has no relation to the matter at issue, the point being made that the second count does charge a night-time burglary of a private residence, and appellant gives what he says is a literal copy of the second count in the indictment.   Appellant is correct in his quotation from the original opinion.   The court still adheres to its original opinion, and believes the record justifies that opinion in making the statement that was made and that appellant does not correctly copy the second count.   The indictment contained in the transcript two counts; the first charges the ordinary daytime burglary; the second, omitting the formal parts and getting down to that which is necessary to be noticed in this case, reads as follows:   "Then and

there in the night-time, a certain house there situate, then and there occupied and controlled by E. T. Wilton, feloniously, fraudulently and burglariously, by force, threats and fraud, did break and enter, with the intent then and there to commit the crime of theft, and with the intent then and there the corporeal personal property of value, of and belonging to said E. T. Wilton, then and there being found in said house, feloniously and fraudulently to steal, take and carry away from and out of said house," etc. This quotation is from the second count in the indictment and does not coincide with that copied by appellant in his brief. There is no contention on the part of appellant that the indictment is incorrectly copied in the transcript. We are still of the opinion that the court's former opinion is correct with reference to the allegations in the second count in the indictment. The second count as found stated in the original brief as well as in the motion for rehearing by appellant is not the same as that in the transcript on file in this court. Therefore, those matters with reference to the charge of the court in connection with a private residence are not applicable, because there was no allegation that a private residence was burglarized. It is unnecessary to further notice this part of the motion.

It is contended that the evidence shows the house burglarized is a private residence. We can not concur with counsel on this proposition. The evidence shows that the house burglarized was a jewelry establishment, and was broken, as set out in the original opinion, by breaking a window and taking the goods through the aperture thus made. Appellant cites us to the testimony which he contends shows that the entire jewelry building should be classed as a private residence. The facts in this connection are more strongly found in the following language than any other portion of the statement of facts; in fact, it is practically all the testimony in this connection (copied from the testimony of the alleged owner, Wilton) : "I do not occupy and control the whole building, all the lower part, and I built a little gallery like you have got this gallery in the same floor, only a kind of little gallery upstairs; I sleep in that little gallery right in the store, between the roof and lower floor. I sleep in the room downstairs; it is elevated about ten feet from the floor; it is a second little gallery like this gallery here, right in the store. I use the lower floor, which the window is a part as a store, and this little gallery. I keep some more stock up there that we have not got room downstairs for. This little gallery is not partitioned off from the rest of the store, a railing just so people coming in the store wouldn't see the cot there, and I have got a curtain that runs from one end to the other." This little gallery sleeping apartment, under the evidence, is about ten feet above the lower floor, as we gather from this evidence, curtained off as his sleeping apartment with a railing around the gallery next to the store part. The fact that Wilton slept in this little gallery, as above described, would not make the entire store—the business part of the store—his private residence. In addition to the Alinis case, cited in the original opinion, we cite

Jame v. State, 63 Texas Crim. Rep., 559; Anderson v. State, 17 Texas Crim. App., 305. See also for authorities Branch's Crim. Law, sections 165 and 166. If the indictment contained the allegations as set forth in appellant's motion for rehearing as well as those copied in his original brief, there might be a right serious question both on the charge of the court and the variance between the testimony and the allegations in the indictment. The court did not submit the issue of breaking into a private residence; he submitted the proposition generally, if appellant broke and entered the house he would be guilty. The ordinary burglary is a different offense from that of breaking into a private residence, under the statute, and requires different allegations and different evidence to support it, and, of course, would necessarily require an application of the law to the facts in charging the jury.

It is also contended the court erred in submitting a daytime burglary. The court did not submit directly a daytime burglary, but submitted generally if appellant broke and entered the house by force he would be guilty. As the matter is presented by this record, that question is of no practical value and could not be to appellant, we think. Where there are two counts and both submitted and both good on their face, the verdict being general, a conviction would be imputed to the count sustained by the facts, provided that count was included in the court's charge. The court did not specifically charge with reference to either a day or night-time burglary, but submitted the question generally. The evidence does not support a daylight breaking, but it does support a night-time breaking or burglary. Under the decisions we are of the opinion there is no merit in this question as presented by this record. We are discussing the indictment as it is found in the record and not as found in the brief and motion of appellant. As the matter is presented there is no reason why the judgment of affirmance should be set aside.

The motion for rehearing is therefore overruled.

*Overruled.*