## CARL SIMS v. THE STATE.

No. 13521. Delivered November 26, 1930.
Rehearing Granted January 21, 1931.

The opinion states the case.

*John N. Gauntt* and *N. B. Brown,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment, confinement in the penitentiary for five years.

During the absence of Ernest Day some person entered his home and stole therefrom various articles, including jewelry, whisky, money and suitcases. Prior to the burglary the doors and screens were closed. Part of the whisky and two of the suitcases were shortly after the burglary traced to the possession of appellant. An accomplice testified that he carried appellant to the vicinity of the burglary and waited for him; that appellant returned to the automobile with some suitcases; that appellant said, in substance, that he had made a "haul", and that he had to have some place to put the suitcases. Another witness testified that he bought some of the whisky from appellant. This whisky was recovered by the officers and delivered to the owner. It was further in evidence that a witness in Houston bought one of the suitcases from appellant. The property recovered by the officers was identified by Mr. Day as belonging to him. Several witnesses testified to having seen the whisky in appellant's possession and that they drank some of it. Appellant offered witnesses who testified that he was at another and different place on the night that the burglary was committed. He failed to testify in his own behalf.

Bill of exception No. 2 is concerned with an objection on the part of appellant to the statement of the injured party that someone must have entered his house "because things were missing", the objection being that the answer was a conclusion on the part of the witness. The fact that someone had entered the home of the injured party and that personal property belonging to him had been taken was not controverted. If the answer was improperly received, the error could not have harmed appellant.

Bill of exception No. 5 recites that state's witness Roy Pickett was permitted to testify that he bought some of the stolen whisky from appellant. Appellant objected to the testimony on the ground that it involved an extraneous offense. The objection was properly overruled. Proof of the sale of the whisky by appellant to the witness tended to connect appel-

lant with the offense for which he was being tried. Branch's Annotated Penal Code, Section 166..

The bills of exception relating to the argument of the district attorney, as qualified by the court, show that appellant made no objection to the argument at the time it was made. As qualified, said bills fail to show error.

The indictment contained two counts. In the first count appellant was charged with burglary of a private residence at night, and in the second count with burglarizing said residence in the day time. Appellant requested the court to require the State to elect between counts. It is the rule that the indictment may allege in different counts a day time burglary of a house and a night time burglary of a private residence, when based on the same transaction, so as to meet the proof on the trial and to prevent a variance, and that in such case the state is not required to elect between counts. Branch's Annotated Penal Code, Section 2333; Jackson v. State (Texas Crim. App.), 71 S. W., 280; Martinez v. State, 51 Texas Crim. Rep., 584, 103 S. W., 930; Fox v. State, 62 Texas Crim. Rep., 430, 138 S. W., 413.

We find in the record several objections to the charge of the court. The certificate of the trial judge is to the effect that "after curing a number of objections the others were overruled". If appellant was not satisfied with the charge after it was amended, it was incumbent upon him to file further objections thereto. This he failed to do. Jackson v. State, 103 Texas Crim. Rep., 252, 280 S. W., 808; Hall v. State, 97 Texas Crim. Rep., 158, 260 S. W., 878. In addition to the objections referred to, we find a purported bill of exception bringing forward the objections to the court's charge. This bill is not approved by the trial judge.

Appellant submitted to the court his written requested instruction wherein the jury would have been advised that the witnesses J. E. Salters, O. L. Dupree, Ed Dupree, and W. E. Salters were accomplice witnesses as a matter .of law. While the testimony of said witnesses may have raised the question as to whether they were accomplice witnesses, there is nothing in the record supporting the proposition that they were such as a matter of law. One of the witnesses bought a stolen suitcase from appellant, but as far as the record reflects the matter, he did not know at the time of the transaction that he was receiving stolen property. Appellant gave some of the other witnesses a drink of the stolen whisky. These witnesses were not aware that the whisky was stolen, as far as the record reflects the matter. There being no evidence in the record to sustain the special charge, the court properly declined to submit it to the jury. Aven v. State, 102 Texas Crim. Rep., 478, 277 S. W., 1080.

We have not undertaken to discuss all of the bills of exception, but have carefully examined every contention made by appellant.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Jpdges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant presents a question not heretofore raised, viz: that the indictment is fatally defective and will not support the judgment. The conviction was for burglary of a private residence, the lowest punishment for which is five years, and the distinguishing characteristic of which in the statute defining the offense seems to be that the building be a private residence occupied and actually used as such at the time of such burglary. Under all the authorities it should be alleged in the indictment that the private residence mentioned was, by some one named, used and occupied AS SUCH on the occasion involved. Moore v. State, 116 Texas Crim. Rep., 67, 28 S. W. (2d) 151, and authorities cited.

The indictment before us alleged that appellant at night by force, etc., did break and enter a private residence "then and there used and occupied by Ernest Day, without the consent of Day," etc. That this wholly fails to allege that the residence was occupied and used as a place of residence by Day, is too plain for argument. For aught we know or for all the information to be derived from such allegation, the residence might have been used by Day for a barn, or a restaurant, or any business purpose he saw fit. As said by Judge Davidson in Lewis v. State, 54 Texas Crim. Rep., 636, 114 S. W., 818, 819: "Occupancy does not necessarily mean residence under our statutes." In that case this court held it necessary that the indictment name the person whose family used and occupied such residence. In ordinary usage and common parlance, the words "Private residence" signify only a house or building such as is commonly used for residential purposes.

We might say that we do not think it necessary to insert in the indictment the word "actually" in setting out the use of such building as a residence, inasmuch as it seems to us that in the indictment the statement that such building was at the time alleged "used and occupied as a private residence" by the person named,—would be sufficient without the use of the word "actually."

As illustrating the importance attached to the averment that the house burglarized in such case was both used and occupied as a private residence, attention is called to the holding that if a building be only par-

tially used as a residence, and the proof in a given case show a burglarious entry only into parts of the building not so used, a conviction for burglary of a private residence would not be upheld. See Alinis v. State, 63 Texas Crim. Rep., 272, 139 S. W., 980; Shornweber v. State, 70 Texas Crim. Rep., 389, 156 S. W., 222.

Being of opinion that this indictment is fatally defective, appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment will now be reversed and the prosecution ordered dismissed.

*Granted.*