## EDUARDO ESCARINO V. THE STATE.

No. 15455.   Delivered December 21, 1932.
Reported in 55 S. W. (2d) 565.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary; the punishment having been assessed at five years in the penitentiary.

The indictment contains two counts—the first charging a nighttime burglary of a private residence; the second charging ordinary burglary. The court submitted to the jury the second count only.

One proposition upon which appellant presents his appeal is that the evidence does not support the conviction. The evidence for the state shows that Mrs. Simmons was operating a hotel in the second story of a building situated in the city of El Paso. A stairway led up into a hall from which a door opened into the hotel office. There was a window also between the office and the hall. As we understand the record, there was no sash in the window, but the opening was protected by heavy screen wire over it. From the office a doorway opened into Mrs. Simmons' living room, and adjoining this was her bedroom. No

door shutter was in the opening between the office and the living room, but curtains were hung in this doorway. When Mrs. Simmons retired for the night she closed and locked the door from the office into the hall. About 3 o'clock in the morning, Mrs. Simmons heard two men coming up the stairway making quite a little noise. After a while she went to investigate the matter, thinking it was some one looking for rooms. When she got in the office, she saw appellant in the office crouching down beside a desk. She opened the door, went into the hall, closing the door and leaving appellant in the office. She called for help, and two young men who were rooming there came to her assistance. In the meantime appellant had gone from the office back into the bedroom of Mrs. Simmons, and the young men found him in a closet, standing on a trunk, with his head and shoulders out through a transom, trying to get out of the room. They took charge of him, the police were called and appellant was turned over to them. It was discovered that the screen wire over the window leading from the office into the hall had been torn loose at one corner, and it was here that appellant had entered the office. Nothing had been stolen. If any one other than appellant was found in the rooms no mention is made of it in the record.

We can not sustain appellant's contention that the evidence is not sufficient to support his conviction for burglary with intent to commit theft. Authorities supporting the holding will be found collated in section 2344, Branch's Annotated Texas Penal Code. Among the authorities cited will be found Alexander v. State, 31 Texas Crim. Rep., 359, 20 S. W., 756. Appellant testified that he had been drinking on the occasion of the incident leading to his arrest, and that he was very drunk; that he had no recollection of leaving the place where he had been drinking, nor of going into the office of the hotel, nor of trying to get out through the transom in the closet. The court pertinently told the jury that, although appellant might have effected entry into the office by a "breaking" yet they could not convict unless they believed from the evidence beyond a reasonable doubt that he entered the office with the intent to commit the crime of theft. The intent with which appellant made the entry was a matter for the jury's determination, and we would not be authorized, under the circumstances, in disturbing their finding.

In an amended motion for new trial, appellant set up newly discovered evidence, and attached to the motion affidavits of parties who were drinking with him on the night of the burglary, the affidavits stating that appellant was so drunk he did

not know what he was doing. If these affidavits could be considered, we think no proper diligence was shown regarding the proposed testimony. If appellant was so drunk, as claimed by him, as to have no memory of the events leading up to his discovery in the hotel office, certainly after he sobered up he knew where he had commenced drinking, and with whom, and the slightest diligence would have disclosed what they claimed in their affidavits to have been appellant's condition on the occasion in question. We might say here that Mrs. Simmons and the two young men who apprehended appellant all testified that they noticed nothing about appellant which led them to believe that he was drunk.

After having examined the affidavits of the claimed newly discovered witnesses, we note that all of the affidavits, as well as the amended motion for new trial, are sworn to before appellant's attorney. This is not permissible. For collation of authorities see Branch's Annotated Texas Penal Code, sec. 194, and note 12, under article 756 (old article 840), Vernon's Annotated Code of Criminal Procedure of Texas, vol. 3. See, also, Kellum v. State, 91 Texas Crim. Rep., 664, 240 S. W., 1109, and Siebe v. State, 92 Texas Crim. Rep., 605, 244 S. W., 1013.

In view of the fact that the conviction was for ordinary burglary, our state's attorney calls attention to an expression used by Mrs. Simmons in giving her testimony, which was that "The particular part of the house that was entered was my private residence." It is true Mrs. Simmons used the expression quoted, but her testimony, taken in its entirety, shows that the entry was made into a room used by her as an office in conducting the business of operating a hotel. The office was connected with rooms used by her as living and sleeping quarters, and if the burglarious entry had been made into one of these rooms, we would have a situation like that presented in Holland v. State, 45 Texas Crim. Rep., 172, 74 S. W., 763, and in Mays v. State, 50 Texas Crim. Rep., 391, 97 S. W., 703. The present case, under the facts, is more like that of Alinis v. State, 63 Texas Crim. Rep., 371, 140 S. W., 227. There the house entered was a store house in which a restaurant was conducted. By partitions the house was divided into three rooms, in one of which the cooking was done, in another the meals were served to customers, and the third room was used as living quarters by the proprietor and his wife. The burglarious entry was made into the cook room. It was held that, under the circumstances, the room entered was not a private residence. In the present case we think the court not in error in submitting

the case upon the count charging ordinary burglary instead of the count charging burglary of a private residence.

The judgment is affirmed.

*Affirmed.*