## Antonio Rich v. The State.

No. 23575. Delivered February 5, 1947.
Rehearing Denied February 19, 1947.

*E. T. Yates,* of Brownsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of burglary and his punishment assessed at twelve years in the penitentiary.

It was alleged in the indictment that appellant entered the house of Ray Mickle with the intent to take therefrom personal property and appropriate it *"for"* the use and benefit of appellant. A motion in arrest of judgment attacked the indictment because the word *"for"* was used instead of the word *"to"* in the definition of theft. (See Art. 1410 P. C. defining theft.) Contention is made that this was fatal to the indictment. With such contention we do not agree. After careful search no authority directly in point has been discovered. This court has said many times that it is better practice ordinarily to charge the language

of the statute, and follow approved forms of pleading. It would prevent such questions as here presented from arising. However, when words are used which are of like meaning as those in the statute it does not vitiate the indictment. Art. 405 C. C. P. provides: "An indictment shall be deemed sufficient when it charges the commission of the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is meant and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged * * *." The use of the word "for" instead of "to" in the present indictment could in no manner mislead or confuse appellant. As ordinarily used and understood they mean the same thing as found in the context.

The indictment charged burglary of the house of Ray Mickle by force and breaking under Art. 1389 P. C. It is the contention of appellant that the proof shows that the house was entered at night, and that it was the private residence of Mickle and occupied and used as a private residence by him and his wife, and that conviction for burglary of a private residence at night can not be had under this indictment. The authorities cited by appellant support his contention, but the facts appear to make them inapplicable. The uncontradicted proof shows that Mickle operated Casa Manana as a business place. The front part of the building contained a bar and dance hall. The breaking and entry into the building was through the north side window near the nickleodeon in the dance hall. Mickle and his wife occupied rooms as sleeping and living quarters in the back of the building. The breaking and entry was in that part used for business purposes. Therefore, the proof supports the conviction for burglary under Art. 1389 P. C. as charged. See Alinis v. State, 63 Tex. Cr. R. 272, 139 S. W. 980; Alinis v. State, 63 Tex. Cr. R. 371, 140 S. W. 227; Shornweber v. State, 70 Tex. Cr. R. 389, 156 S. W. 222; Escarino v. State, 122 Tex. Cr. R. 341, 55 S. W. (2d) 565.

Appellant also contends that the evidence is insufficient to sustain a conviction, asserting that the State relied solely upon the evidence of accomplice witnesses for conviction. He contends that Pedro de la Santos and Roberto Trevino were both accomplice witnesses, as a matter of law. De la Santos was an accomplice, as a matter of law, and the court so told the jury. This witness admitted his participation in the offense. However, we do not agree that Trevino was an accomplice as a matter of law. The proof shows he declined to participate in the commission of the offense and went home. However, the court

submitted the issue to the jury as to whether or not he was an accomplice. This, we believe, to be a correct procedure.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant but reiterates the proposition passed upon by this court in the original opinion herein. We think the views set forth in that opinion were correct, and see no need to further write thereon.

The motion will accordingly be overruled.