EUGENE M. GARZA V. STATE

No. 28,639. December 5, 1956.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft, with a prior conviction for an offense of like character plead for enhancement; the punishment, ten years.

Edwards, Port Engineer for Gissel & Company, testified that he was in charge of the deep sea tug San Marcos, which was tied up in Greens Bayou unattended on the day in question, and that he had visited the tug a week before and found everything intact. He stated that he returned to the tug the day after that charged in the indictment and discovered that a large quantity of lead coated copper wire had been cut loose from the bulkhead and was missing. He testified further that this same wire, which had been cut into small pieces and which

he identified as having come from the tug by its size and paint, was thereafter delivered to him by the officers and later sold for scrap for $50.40, but that it would have been worth $200.00 if it had been left in one piece.

Richard Arnold Kilpatrick testified that the appellant, whom he had known two or three months and to whom he owed the sum of $10.00, was waiting for him when he got off work on the day in question and told him that if he would help him load some wire that he would cancel the debt. Kilpatrick stated that he, the appellant, a 20-year old woman named Willer, and a 10-year-old boy, who were in company with the appellant, proceeded in the appellant's automobile to Greens Bayou, where they boarded a tug and proceeded to cut loose from the bulkhead and cut up a large quantity of copper wire. Kilpatrick testified that the appellant told him that he had permission to get the wire and that, after they had loaded it in sacks and carried it ashore, where it was left on the bank, the appellant stated that he intended to get written permission from the owner before he carried it any further. He stated that it was never contemplated between the parties that he was to receive any share of the wire as compensation for his efforts. Kilpatrick testified further that, after they left the tug and proceeded a short distance homeward, they were stopped by police officers; that he later returned to the tug with the officers, and they, in turn, recovered the sacks which contained the wire.

Kilpatrick stated that he had been indicted for the theft of the wire and that the case against him had been dismissed the morning of appellant's trial.

The Willer woman was called as a witness by the state but gave such contradictory or conflicting answers that on the whole her testimony was of no benefit to the state or the appellant. The 10-year-old boy was not called.

Police Chief Scarbrough testified, outside the presence of the jury, that he had received information on the day in question that an automobile bearing a certain license number had been seen in the vicinity of the tug and that other stuff had been missing from that same vicinity. He testified before the jury that he intercepted the appellant's automobile about two miles from the tug and returned to the vicinity of the tug and found the sacks containing the wire.

Appellant's principal claim for reversal lies in the failure

of the court to tell the jury in his charge that the witness Kilpatrick was an accomplice witness as a matter of law. The court in his charge did submit the fact question of Kilpatrick being an accomplice witness to the jury for their determination.

As we view them, the facts stated raise a fact issue as to whether Kilpatrick was an accomplice witness, and the only factor that would make Kilpatrick an accomplice witness as a matter of law was the indictment against him for the same offense.

The question here presented is not new.

The leading case on the point seems to be Crissman v. State, 93 Tex. Cr. Rep. 15, 245 S.W. 438. In that case, the accused, who performed the abortion, and the woman, upon whom the abortion was performed, were both indicted for the offense. The state relied upon the woman's testimony, and this court reversed the conviction because while under indictment the woman was an accomplice as a matter of law and her testimony was not corroborated. However, we find the following in the opinion:

"It was within the power of the state, through its prosecuting attorney, with the consent of the judge, to dismiss the prosecution and thereby relieve the witness from the legal impediment to her credibility * * * If, in the instant case, the state had seen fit to dismiss the indictment against the witness Nicol, it would have been within its rights to contend that she was not an accomplice witness by virtue of the indictment which had been dismissed, and that the facts developed would not classify her as such."

Jones v. State, 85 Tex. Cr. Rep. 538, 214 S.W. 322, is cited in the Crissman case. In that case, we find this statement, "When the prosecution is dismissed, the status of the witness is the same as though he had never been charged with the offense."

In Herrera v. State, 115 Tex. Cr. Rep. 526, 27 S.W. 2d 211, we find this statement:

"* * * unless the prosecution against the witness be dismissed by the state; in which latter event the fact of the former indictment together with the evidence in the case might make it an issue of fact whether the witness was an accomplice, but

as long as the state holds against the witness an indictment for the same offense with which accused is charged, the witness, under our decisions, remains an accomplice as a matter of law."

See also Hobbs v. State, 53 Tex. Cr. Rep. 71, 112 S.W. 308, and Munoz v. State, 77 Tex. Cr. Rep. 545, 179 S.W. 566.

We have concluded from the above authorities that after the indictment against Kilpatrick was dismissed he no longer was an accomplice witness as a matter of law. The jury resolved the disputed fact issue against the appellant, and we have concluded that the facts support its decision.

Finding no reversible error, the judgment of the trial court is affirmed.