**Felipe RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39508.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Henrichson & Bates, by James S. Bates, Edinburg, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary; the punishment, two years.

Raul Gutierrez testified that he owned and operated a tavern in a one-room building with a store room which he closed about 11:45 p. m.; that his brother notified him about 2 a. m. that he had seen a car and some men at his tavern, and on going to the tavern he found that the glass panel in the rear door had been broken, the bar across the inside of the door had been removed, and the door was open; that some peanuts, chewing gum, and about ten cases of beer which were in the building when he closed were missing; and he did not give anyone his consent to break and enter the tavern and take anything therefrom.

Noe Gutierrez testified that he lived next door to his brother's tavern, and on returning home about 1:40 a. m. he saw a 1956 Oldsmobile parked at the tavern and four cases of beer beside the car on the ground and some peanuts and candy behind the car; that as he approached he saw four men and all ran from the scene, but he never recognized any of them; that he noted the license number of the Oldsmobile, and while gone to notify his brother, someone drove it away.

Guadalupe Gauna testified that he met the appellant, Ramiro Suarez, and Juan Ramos at an inn where they stayed until about 12:45 a. m.; that because of his drunken condition he had rested in Suarez's car a short time before the appellant, Suarez, and Juan Ramos came, and they left but soon stopped because, "The boys wanted to make a breakin", and, "They said they were going to take some beer from that tavern", and the three boys got out and went to the tavern but he remained in the car, and after about ten minutes Suarez came and moved the car to the tavern; that he never agreed to help and said nothing, just sat in the car, and the beer was brought out and placed beside the car, and at this time they saw the lights of another car coming and they all ran from the scene. Gauna testified that he told the boys he would go with them but just to sleep in the car so he could drive his car home when they got back; and that he never acted as a lookout and had nothing to do with the burglary.

The testimony of Ramiro Suarez sufficiently reveals that he, the appellant, and Juan Ramos, either alone or as principals, forcibly and without the consent of Raul Gutierrez entered his tavern building and took therefrom several cases of beer without his consent; and that at this time they saw the lights of a car which was approaching and they ran away from the tavern. He further testified that Guadalupe Gauna was with them after they left the inn but he stayed in the car.

The appellant did not testify or offer any testimony in his behalf.

▮ Appellant contends that the witness Suarez was an accomplice as a matter of law, and that the witness Gauna is an accomplice as a matter of fact, and that there is no other evidence connecting the appellant with the commission of the burglary. Therefore, the evidence is insufficient to support the conviction.

The trial court charged the jury that the witness Suarez was an accomplice as a matter of law.

The evidence raises a fact issue as to whether Gauna was an accomplice witness. The court in his charge defined the term "accomplice" and submitted the issue as to whether Gauna was an accomplice, with an appropriate instruction as to the corroboration required to convict upon accomplice testimony.

The jury resolved the accomplice issue against the appellant, and it is concluded that the evidence supports their decision. Rich v. State, 150 Tex.Cr.R. 167, 199 S.W. 2d 178; Garza v. State, 164 Tex.Cr.R. 9, 296 S.W.2d 267.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the court.