Opinion issued July 14,
2011.



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00464-CR

————————————

Barry
Warren, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from the 262nd District
Court

Harris
County, Texas



Trial Court Cause No. 1225908

 



 

 

MEMORANDUM OPINION

          Appellant,
Barry Warren, appeals a judgment convicting him of aggravated robbery with a
deadly weapon.  See Tex. Penal Code Ann.
§§ 29.02(a)(1), 29.03(a)(2), 31.03(a)–(b) (West 2011).  Appellant pleaded not guilty before the
jury.  The jury found appellant guilty
and assessed his punishment at 35 years’ confinement in the institutional
division of the Texas Department of Criminal Justice and a $5,000 fine.  In four issues, appellant contends that (1) the
evidence is legally and factually insufficient, (2) the trial court erred by
admitting a police officer’s testimony that one of the complainants had
identified appellant out of a photo array, (3) the trial court erred by failing
to instruct the jury that Brittani Mitchell was an accomplice as a matter of
law, and (4) his trial counsel provided ineffective assistance during the voir
dire examination, during cross-examination of a key State witness, and by
failing to object to the jury instruction. 
We conclude that the evidence was sufficient, that the trial court
properly admitted the testimony, that the trial court properly instructed the
jury, and that appellant’s counsel was not ineffective.  We affirm.

Background

          One evening in June 2009, after
working all day, Faustino Martinez drove his coworkers, Adrian Caudia and Onecimo Reyna, in his truck to their apartment
complex.  Just after Martinez and his
coworkers arrived, appellant and his nephew, Barry Lockhart, exited a nearby
SUV while appellant’s then-girlfriend, Brittani Mitchell, remained inside.  Appellant pulled out a handgun, and Lockhart
pulled out a knife.  Seeing the men
approach, Martinez exited his truck and began running away.  Lockhart chased after Martinez.  Appellant approached the passenger side of the
truck, pointed the gun at the men inside, and demanded they exit the vehicle
and give him their money.  As Martinez
was running away, he pulled out his cell phone and dialed 911.  Appellant, seeing Martinez dialing, shouted
for Lockhart to come back.  Without having
caught Martinez, Lockhart returned, and he and appellant drove away in the SUV.  

          When
the police arrived, they interviewed Martinez and his coworkers, who provided a
description of the robbers and SUV.  The
next month, police showed Martinez two photo arrays, from which he identified
appellant and Lockhart as the two robbers. 
In December, Lockhart pleaded guilty to aggravated robbery and his
sentence was assessed at 10 years’ imprisonment.

          During
the guilt–innocence
phase of trial, the State asked Martinez, “When you looked at those photos, did
you pick out the people that robbed you, if you remember?”  Martinez answered, “The truth is I do not
recall very well.”  Detective Squier testified
that he was present when Martinez identified appellant as one of the robbers.  In addition to Martinez’s prior out-of-court
identification, Mitchell and Lockhart each identified appellant as having been one
of the robbers.  Mitchell testified that she
remained in the SUV and watched as appellant approached the truck and pointed the
gun at the two men inside.  Lockhart testified
that, while he was running after Martinez, appellant approached the truck and
spoke with the two remaining men while holding a gun in his hand.  

          Lockhart
testified that he had a plan for perpetrating the robbery, which involved
appellant and Mitchell.  He testified
that Mitchell was a prostitute at that time, that she had previously
prostituted herself to Martinez and his coworkers, but that she had not
prostituted herself to them on the day of the robbery.  Specifically, Lockhart stated that the plan was
for Mitchell to first seduce the men, after which he and appellant would rob
them.  Although Lockhart testified that
Mitchell was part of his plan for perpetrating the robbery, he testified that
he did not know whether she knew that he planned to rob somebody that day.

          Likewise,
Mitchell testified that she did not know that appellant and Lockhart were about
to rob the men in the truck.  She also
stated that she neither discussed the robbery with them nor talked to them
about the possibility of her helping them rob the men.  Nevertheless, Mitchell testified that,
shortly after the robbery, Detective Squier interviewed her and “threaten[ed]
to make [her] an accessory [to the robbery] if [she] didn’t cooperate.”

          Mitchell
also testified that, in an unrelated matter, she had pleaded guilty to felony
theft for stealing two diamond rings from a residence while cleaning the house
and that her punishment had been assessed at four years probation.  She further testified that, subsequently, she
was arrested for a probation violation and her punishment was assessed at six
months in the State jail, the minimum possible punishment.

          In
the charge on guilt or innocence, the trial court instructed the jury that it
could convict appellant based on an accomplice’s testimony only if that
testimony was corroborated by other, non-accomplice evidence tending to connect
appellant with the charged offense.  The
trial court also instructed the jury that Lockhart was an accomplice.  However,
the court left the question of whether Mitchell was an accomplice up to the jury.

Admission of Police
Officer’s Testimony

          In
his second issue, appellant contends that the trial court improperly admitted Detective
Squier’s testimony that Martinez had indentified appellant out of a photo array
as one of the two robbers.  Specifically,
appellant contends that this admission violated the Confrontation Clause of the
Sixth Amendment to the U.S. Constitution because Martinez was not available to
be cross-examined concerning the identification as Martinez had testified to a
lack of memory.  See Tex. R. Evid. 804(a)(3) (“Unavailability as a witness’ includes
situations in which the declarant . . . testifies to a lack
of memory of the subject matter of the declarant’s statement . . . .”).

          A.      Standard
of Review

          Although an appellate court defers to
a trial court’s determination of historical facts and credibility, it reviews de
novo a constitutional legal ruling.  Langham v. State, 305 S.W.3d 568, 576
(Tex. Crim. App. 2010).

          B.      Applicable Law

          The
Confrontation Clause of the Sixth Amendment provides that “[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to be
confronted with the witnesses against him . . . .”  U.S. Const.
amend. VI.  This constitutional guarantee
applies to both federal and state criminal prosecutions.  U.S.
Const. amend. XIV; Pointer v.
Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965).  In reviewing a Confrontation Clause
challenge, an appellate court must “first determine whether the Confrontation
Clause is implicated . . . before deciding if the
constitutional guarantee was violated.”  Woodall v. State, 336 S.W.3d 634, 642
(Tex. Crim. App. 2011) (citing Crawford
v. Washington, 541 U.S. 36, 50–52, 124 S. Ct. 1354, 1363–65 (2004)).  The admission into evidence of an
out-of-court statement implicates the Confrontation Clause only if (1) the
statement is testimonial in nature and (2) the declarant is absent from the
trial.  Id.  Such a statement
violates the Confrontation Clause if (1) the declarant is available to testify or
(2) the defendant did not have a prior opportunity to cross-examine the
declarant.  Id. (citing Crawford, 541
U.S. at 59, 124 S. Ct. at 1368–69).

          An
out-of-court identification of a person during a police photo array is a
testimonial statement for purposes of the Confrontation Clause.  Walker
v. State, 180 S.W.3d 829, 831, 834 (Tex. App.—Houston [14th Dist.] 2005, no pet.); see generally Davis v. Washington, 547
U.S. 813, 822, 126 S. Ct. 2266, 2273–74 (2006) (“Statements are nontestimonial when made
in the course of police interrogation under circumstances objectively
indicating that the primary purpose of the interrogation is to enable police
assistance to meet an ongoing emergency. 
They are testimonial when the circumstances objectively indicate that
there is no such ongoing emergency, and that the primary purpose of the
interrogation is to establish or prove past events potentially relevant to later
criminal prosecution.”).  “[M]emory loss
does not render a witness ‘absent’ for Confrontation Clause purposes if she is
present in court and testifying.”  Woodall, 336 S.W.3d at 644.

          C.      Analysis

          Because
Martinez was present in court and testifying, he was not absent from trial for
Confrontation Clause purposes merely because he testified to a lack of memory
concerning his prior identification.  See id. 
Accordingly, the admission of Martinez’s prior out-of-court
identification did not implicate, and thus could not have violated, the
Confrontation Clause.  See id. at 642–44.

          Appellant’s second issue is overruled.

Failure to Give an Accomplice-as-a-Matter-of-Law
Instruction

          In
his third issue, appellant contends that the trial court erred by failing to instruct
the jury that Mitchell was an accomplice witness as a matter of law.  

          A.      Applicable Law

A person is an accomplice to the offense committed by the accused if
(1) before, during, or after its commission, she participates in the offense
with the requisite mental state and (2) she engages in an affirmative act that
promotes the commission of the offense.  Smith
v. State, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011) (citing Druery v.
State, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007)).  A person is not an accomplice merely because

(a)       
she agrees to participate
in the commission of the offense, see Ferguson v. State, 573
S.W.2d 516, 523 (Tex. Crim. App. 1978); Bacey v. State, 990 S.W.2d 319,
327 (Tex. App.—Texarkana 1999, pet. ref’d),

(b)      
she is present at the crime
scene, Smith, 332 S.W.3d at 439 (citing Kunkle v. State, 771
S.W.2d 435, 439 (Tex. Crim. App. 1986)),

(c)       
she knows about the
offense and fails to disclose it, id. (citing Gamez v. State, 737
S.W.2d 315, 322 (Tex. Crim. App. 1987), or

(d)      
she helps the accused
conceal the commission of the offense, id.  

 “A State’s witness may be an
accomplice as a matter of law or as a matter of fact.”  Id. (citing Cocke v. State, 201
S.W.3d 744, 747 (Tex. Crim. App. 2006)). 
A witness is an accomplice as a matter of law if (1) she is susceptible
to prosecution for the same offense or a lesser included offense, Paredes v.
State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004), or (2) she was indicted
for the same offense or a lesser included offense and, at the time she
testifies, either (a) the State has not dismissed the indictment or (b) the
State dismissed the indictment in exchange for her agreement to testify against
the accused, Smith, 332 S.W.3d at 439 (citing Cocke, 201 S.W.3d
at 748; Ex parte Zepeda, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991); Solis
v. State, 792 S.W.2d 95, 97 (Tex. Crim. App. 1990); Garza v. State,
164 Tex. Crim. 9, 296 S.W.2d 267, 268–69 (1956); Herrera v. State, 115
Tex. Crim. 526, 27 S.W.2d 211, 212 (1930); Chastain v. State, 97 Tex.
Crim. 182, 260 S.W. 172, 173 (1924); Oates v. State, 48 Tex. Crim. 131,
86 S.W. 769, 772 (1905); Barrara v. State, 42 Tex. 260, 264 (1874)).  “The evidence in each case will dictate
whether an accomplice as a matter of law or fact instruction is required.”  Id. (citing Cocke, 201 S.W.3d
at 747; Blake v. State, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998)).

“When the evidence clearly shows (i.e., there is no doubt) that a
witness is an accomplice as a matter of law, the trial judge must instruct the
jury accordingly.”  Id.  (citing Gamez, 737 S.W.2d at
322).  “When there is doubt as to whether
a witness is an accomplice (i.e., the evidence is conflicting), then the trial
judge may instruct the jury to determine a witness’s status as a fact issue.”  Id. at 439–40 (citing Druery,
225 S.W.3d at 498–99; Gamez, 737 S.W.2d at 322).  “Finally, when the evidence clearly shows
that a witness is not an accomplice, the trial judge is not obliged to instruct
the jury on the accomplice witness rule—as a matter of law or fact.”  Id. at 440 (Gamez, 737 S.W.2d
at 322).

          B.      Analysis

          Appellant
bases his contention that Mitchell was an accomplice to the robbery on the
evidence that she was present during the robbery.  However, Mitchell is not an accomplice merely because she was present at the crime
scene.  See Smith, 332
S.W.3d at 439 (citing Kunkle, 771 S.W.2d at 439).

          Appellant
further contends that Mitchell’s role as a seductress constituted an
affirmative act promoting the commission of the robbery.  Although Lockhart
testified that he had a plan for perpetrating the robbery that involved Mitchell
seducing the men immediately before he and appellant robbed them, the evidence
undisputedly shows that Mitchell did not do so. 
Even if Lockhart’s testimony concerning his plan constituted evidence
that Mitchell agreed to participate in the robbery, this alone, without any
evidence of an affirmative act, does not render her an accomplice.  See Ferguson, 573 S.W.2d at 523;
Bacey, 990 S.W.2d at 327.  The
evidence further shows that Mitchell remained in the SUV during the robbery;
there is no indication she communicated with the robber or took any other action
during that time.

          Additionally,
appellant bases his contention that Mitchell was susceptible to prosecution for
the robbery on her testimony that, during her first post-robbery interview, Detective
Squier threatened to make her an accessory to the robbery.  However, Detective Squier testified that, after
interviewing Mitchell, he did not believe that she had been involved in any
way.

          Finally,
appellant asserts that Mitchell “perhaps received favorable consideration in
the form of a minimum sentence for her cooperation in testifying against
[appellant].”  In direct contradiction to
this speculation, Mitchell testified that she had not made any sort of deal
with the prosecutor, that he had not cut her any slack in exchange for her
testimony, and that Detective Squier had not told her that he would help with
her probation case in exchange for her testimony.  Nevertheless, even if appellant’s assertion
were true, it does not follow that Mitchell was an accomplice.  A witness’s deal with the State involving an
agreement to testify has relevance to the accomplice-witness inquiry only if what
the witness received in exchange is the dismissal of—or perhaps a promise not to seek—an indictment for the same offense
or a lesser included offense.  See Smith, 332 S.W.3d at 439.  In the
present case, the record contains no indication that the revocation of
Mitchell’s probation had anything to do with her participation in the robbery.

          Because
the record evidence does not clearly show
that Mitchell participated in the offense or engaged in any affirmative act
that promoted the commission of the robbery, the trial court did not err by
failing to instruct the jury that Mitchell was an accomplice as a matter of
law.  See
id. (citing Druery,
225 S.W.3d at 498).  

          We overrule appellant’s third issue.

Sufficiency of the Evidence

          In
his first issue, appellant contends that the evidence is legally and factually
insufficient to support the jury’s verdict finding him guilty of aggravated
robbery with a deadly weapon.

          A.      Standard
of Review

An
appellate court reviews
legal and factual sufficiency challenges using the same standard of
review.  Griego v. State, 337 S.W.3d 902, 902 (Tex. Crim. App. 2011); Ervin v. State, 331 S.W.3d 49, 52–56
(Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (construing majority holding
of Brooks v. State, 323 S.W.3d 893,
912, 926 (Tex. Crim. App. 2010)).  Under this standard, evidence is
insufficient to support a conviction if, considering all record evidence in the
light most favorable to the verdict, a factfinder could not have rationally
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S.
Ct. 1068, 1071 (1970); Brooks, 323
S.W.3d at 899 (plurality op.); Laster v.
State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  Evidence is insufficient under this standard
in four circumstances:  (1) the record
contains no evidence probative of an element of the offense; (2) the record
contains a mere “modicum” of evidence probative of an element of the offense;
(3) the evidence conclusively establishes a reasonable doubt; and (4) the acts
alleged do not constitute the criminal offense charged.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 &
n.11; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  The sufficiency of the evidence is
measured by the elements of the offense as defined in a hypothetically correct
jury charge, which is one that accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See
Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

An appellate court determines whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
viewed in the light most favorable to the verdict.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)).  When the record
supports conflicting inferences, an appellate court presumes that the factfinder
resolved the conflicts in favor of the verdict and defers to that
resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court likewise defers to the factfinder’s evaluation of the
credibility of the evidence and the weight to give the evidence.  Williams, 235 S.W.3d at 750.  In viewing the record, a court treats direct and circumstantial
evidence equally:  Circumstantial
evidence can be as probative as direct evidence, and circumstantial evidence
alone can be sufficient to establish guilt. 
Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

A conviction may be based on an accomplice’s testimony only if that
testimony is corroborated by other, non-accomplice evidence tending to connect
the accused with the offense committed.  Tex. Code Crim. Proc. Ann. art. 38.14
(West 2005); Smith, 332 S.W.3d at 439.

B.      Applicable Law

          A
person commits aggravated robbery if (1) in the course of committing a theft
and with the intent to obtain or maintain control of the property, he
intentionally or knowingly threatens another with or places another in fear of imminent
bodily injury or death and (2) he uses or exhibits a deadly weapon.  Tex.
Penal Code Ann. §§ 29.02(a)(1), 29.03(a)(2),
31.03(a)–(b).

          C.      Analysis

          Appellant
does not challenge the sufficiency of the evidence to show beyond a reasonable
doubt that the robbery took place. 
Rather, he contends that there is no other, non-accomplice evidence tending to connect him with the offense committed.  We disagree. 
Mitchell’s testimony that she remained in the SUV
and watched as appellant approached the truck and pointed the gun at the two
men inside corroborates Lockhart’s testimony and tends to connect appellant to
the robbery.  As explained above, the evidence did not clearly show that Mitchell was
an accomplice to the robbery.  The jury
could have reasonably found that she was not an accomplice, and thus it could
have relied on her testimony to corroborate Lockhart’s testimony and to connect
appellant to the robbery.  See Tex. Code Crim. Proc. Ann. art. 38.14; Smith,
332 S.W.3d at 439.  

          We
overrule appellant’s first issue.

Ineffective Assistance of
Counsel

          In
his fourth issue, appellant asserts that his trial counsel ineffectively
assisted him by failing to voir dire the venire concerning the law of parties
and the accomplice-witness rule; by failing to ask Mitchell follow-up
questions, during cross-examination, concerning Detective Squier’s threat to
make her an accessory to the robbery; by failing “to fully explore the
conversations pertaining to those plea bargain negotiations and their proximity
to the charges in this robbery case”; and by failing to object to the lack of
an accomplice-as-a-matter-of-law instruction as to Mitchell in the jury
charge.  

          A.      Applicable Law

          To
prevail on a claim of ineffective assistance of counsel, a defendant must prove
by a preponderance of the evidence that (1) defense counsel’s performance was
deficient such that the assistance fell below an objective standard of
reasonableness and (2) the deficiency caused the defendant prejudice such that
there is a reasonable probability that, but for the deficient performance, the
outcome would have been different.  Strickland v. Washington, 466 U.S. 668,
687–88, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In proving that counsel’s performance was
deficient, a defendant must overcome a strong presumption that counsel’s action
was a sound trial strategy.  Strickland, 466 U.S. at 692, 104 S. Ct.
at 2067; Thompson, 9 S.W.3d at
813.  The effectiveness of assistance of
counsel is reviewed in context with the totality of the representation and the
particular circumstances of each case.  Strickland, 466 U.S. at 695, 104 S. Ct.
at 2069; Thompson, 9 S.W.3d at
813.  “Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.” 
Thompson, 9 S.W.3d at 813.

          B.      Analysis

           Appellant concedes that he cannot show on the
present record that his
trial counsel’s performance was deficient such that his assistance fell below
an objective standard of reasonableness. 
Accordingly, we cannot conclude that appellant received ineffective
assistance of counsel.  See Strickland,
466 U.S. at 687–88, 104 S. Ct. at 2064; Thompson,
9 S.W.3d at 812.

          We overrule appellant’s fourth issue. 

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   

 

                                                                   Evelyn
V. Keyes

                                                                   Justice

 

Panel consists of
Justices Keyes, Higley, and Gamble.[1]

 

Do not
publish.  Tex. R. App. P. 47.2(b).











[1]           The
Honorable Brent Gamble, judge of the 270th District Court of Harris County, participating
by assignment.